JAMES HAMILL *v.* MARGARET E. NEIKIND ET AL.

HOUSE, C. J., COTTER, LOISELLE, BOGDANSKI and LONGO, Js.

Argued June 2—decision released August 3, 1976

*Helen F. Krause,* for the appellant (plaintiff).

*James J. Maher,* with whom, on the brief, were *Brian P. Maher* and *Kevin J. Maher,* for the appellees (defendants).

PER CURIAM. The plaintiff, a passenger in the defendant Margaret E. Neikind's car, operated by her son with her general authority, brought this action against them for personal injury damages allegedly suffered in a motor vehicle accident. The jury returned a verdict in favor of the plaintiff for $2500. The plaintiff claims error in the court's denial of his motions to set aside the verdict as inadequate; in the denial of his motions for a new trial and in arrest of judgment because of the alleged "misconduct of the jury"; in the court's charge to the jury; and in a ruling on evidence.

In reviewing the action of the trial court in denying the motion to set aside the verdict as inadequate, we find that it did not abuse its discretion since, on the evidence presented, the jury could fairly reach the verdict they did. *Fabrizio* v. *Smith,* 164 Conn. 385, 386, 321 A.2d 467; *Birgel* v. *Heintz,* 163 Conn. 23, 26, 301 A.2d 249; *Rood* v. *Russo,* 161 Conn. 1, 3,

283 A.2d 220. The main point at issue as to damages was whether a permanent hearing loss which the plaintiff evidenced at the time of trial was causally connected to the accident.

The jury heard conflicting evidence on this point; it was their province to weigh the evidence and determine the credibility of the witnesses and the effect of their testimony. While the plaintiff's expert witness, Frank J. Riccio, a physician specializing in diseases of the ear, nose and throat, testified that the plaintiff's hearing loss was causally connected to the accident, the jury were not obligated to accept this opinion, particularly in view of Riccio's testimony on cross-examination. *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 358–59, 294 A.2d 305. In reviewing the court's ruling we may consider the reasons stated in its memorandum of decision. *Gary Excavating, Inc.* v. *North Haven,* 164 Conn. 119, 121, 318 A.2d 84; see *Peterson* v. *Sypher,* 162 Conn. 616, 617, 295 A.2d 560. Excerpts from the court's denial of the motion clearly demonstrate the propriety of its conclusion that, in view of the facts found by the jury, the verdict was not inadequate.[1]

---

[1] In ruling from the bench the court stated in part: "Now, having looked at [the verdict form] it became apparent to me that the jury had not awarded any damages whatsoever for the loss of the hearing. You will recall . . . that the big item in the case was the hearing. And if, the jury had found that the hearing loss had been causally connected with the accident, the verdict obviously is not anywhere near adequate. . . . [H]aving determined that the jury had not awarded any damages whatsoever for the loss of hearing . . . I added up in my mind what the specials were by the bills and then I thought of the injuries which Mr. Hamill said that he has sustained in the accident and it seemed to me that the award of $2,500.00, just solely on those injuries, excluding the loss of hearing, could be sustained . . . . It was a question of fact made by the jury as to whether the hearing loss was causally connected with the accident. Dr. Riccio so testified, but the jury didn't have to believe him. So in my opinion the verdict is not inadequate."

The plaintiff next claims error in the court's denial of his motion for a new trial on the ground of alleged prejudicial jury misconduct.[2] The ground alleged involved a juror's attempt, with the sheriff's assistance, to ask the plaintiff's counsel a question prior to the opening of court on the last day of trial. The plaintiff claimed that counsel's refusal to answer the question, or to permit the sheriff to tell her its substance while the jury listened from the open jury room, prejudiced the jury against the plaintiff and resulted in an inadequate verdict. The plaintiff further alleged that the prejudicial effect of this incident was confirmed by a further incident after trial.[3] In reviewing the denial of this motion, we may assume, as did the

---

[2] The plaintiff additionally claims error in the court's denial of his motion in arrest of judgment alleging the same grounds of jury misconduct. Since the essential basis of the motions was the same, the motion for a new trial was sufficient for the plaintiff's purposes, and we may disregard this portion of the appeal. *Aldrich* v. *Duggan*, 107 Conn. 17, 18–19, 139 A. 270; Maltbie, Conn. App. Proc. § 209. We will, however, in the interests of justice, treat the plaintiff's motion for a new trial as incorporating by reference the more specific allegations of his motion in arrest of judgment.

Even though this alleged incident occurred before counsel's closing arguments, the plaintiff's counsel did not at that time so inform the court, nor did she request that the jury be cautioned that counsel could not answer their questions. Instead, counsel waited until after the jury had returned its verdict, which she claims was tainted by this incident, before moving to arrest judgment on this ground. Under these circumstances, we cannot say that the trial court erred in denying the motion to arrest judgment. *Bailey* v. *Town of Trumbull*, 31 Conn. 581; *Woodruff* v. *Richardson*, 20 Conn. 238; Maltbie, Conn. App. Proc. § 209.

[3] As the plaintiff's counsel left the courtroom after trial the jurors were in the corridor. Counsel accidentally brushed one juror with her briefcase and said: "I'm sorry." The juror replied: "You're sorry, because you didn't answer my question."

court below,[4] that the incident occurred as alleged. The juror's attempt to question counsel during trial was clearly improper conduct; *Tomlinson* v. *Town of Derby,* 41 Conn. 268; but a new trial is not required unless the court finds that the incident generated "prejudice . . . or at least the possibility of it" toward the plaintiff. *Felix* v. *Hall-Brooke Sanitarium,* 140 Conn. 496, 502, 101 A.2d 500 (judge's conduct); *Pettibone* v. *Phelps,* 13 Conn. 445.[5] Excerpts from the court's denial of the motion demonstrate its conviction that this was unlikely.[6]

Because the court apparently ignored the occurrence of the post-trial incident in the belief that it could not properly be considered under the rule of *Aillon* v. *State,* 168 Conn. 541, 363 A.2d 49, we

[4] The court assumed that the incident occurred as alleged and ruled on the motion without questioning the jurors. The plaintiff claims that in this the court erred. While questioning the jurors in order to determine whether an incident of potential misconduct occurred was approved in *State* v. *Savage,* 161 Conn. 445, 290 A.2d 221, cited by the plaintiff, no reason appears why the court should hold a hearing before ruling once it has determined that the incident would not warrant a new trial in any event. Significantly, the plaintiff does not argue in his brief that the failure to hold a hearing affected the court's ruling.

[5] *Aillon* v. *State,* 168 Conn. 541, 363 A.2d 49, is not contrary. Although in a criminal case the defendant is constitutionally entitled to a presumption of prejudice stemming from certain types of misconduct during the course of trial, in a civil case the burden is properly placed on the moving party to show prejudice toward him as a result of jury misconduct, at least where the opposing party has no part in the incident. *Pettibone* v. *Phelps,* 13 Conn. 445, 450.

[6] The court stated in part: "The court had admonished the jury each day, among other things, that they were not to talk about the case with anyone. Therefore the court cannot believe that the question the juror wanted to ask had anything to do with the case. And, if the question had nothing to do with the case, surely the juror wanting to ask it could have waited to the end of the trial when it could have been put without any claim being raised as to its propriety. Because of all this the court cannot find that there is a likelihood that the refusal to answer the question did infuriate the jury to the plaintiff's disadvantage."

must review this action.  In *Aillon,* this court ruled that jurors were competent to testify to the occurrence of incidents during trial or during their deliberations which might have affected the result of the trial, but could not testify as to the impact of such incidents on their verdict.  The juror's remark after trial was relevant only as it tended to show prejudice during the deliberations, and the juror could not properly have testified to this at a hearing on the motion.  *Aillon* v. *State,* supra.  There was no error in its denial of the motion for a new trial.

The plaintiff claims error in the court's charge to the jury in two respects.  We need not consider the plaintiff's contention that the court's charge on the issue of damages was misleading, confusing and contradictory since the plaintiff failed to except to this portion of the charge.  Practice Book § 249; *State* v. *Mallette,* 153 Conn. 584, 587, 219 A.2d 447; Maltbie, Conn. App. Proc. § 112.

The plaintiff excepted to the charge as to the credibility of witnesses on the ground that his doctor was an expert in the particular field and that the jury "can take into consideration, in evaluating the testimony of the medical experts offered, who was more qualified to give opinions concerning the disability claimed here."  The court did not err in declining to do so since such a charge was not warranted by the evidence and might have unfairly influenced the jury.  *DeCarufel* v. *Colonial Trust Co.,* 143 Conn. 18, 20, 118 A.2d 798; see *Collens* v. *New Canaan Water Co.,* 155 Conn. 477, 485–86, 234 A.2d 825.

Finally, the plaintiff claims the court erred in admitting the testimony of the defendant's wit-

ness, David C. Harvey, on the ground that he was a general practitioner and not an expert on loss of hearing. The trial court has broad discretion in ruling on qualifications of expert witnesses. *Oborski* v. *New Haven Gas Co.,* 151 Conn. 274, 280, 197 A.2d 73. "It is the scope of the witness' knowledge and not the artificial classification by title that should govern the threshold question of admissibility." *Fitzmaurice* v. *Flynn,* 167 Conn. 609, 618, 356 A.2d 885. Harvey was a graduate of New York University Medical School, interned for two years at Kings County Hospital, was a practicing physician in the state of Connecticut and was employed at Sikorsky Aircraft for 19 years, during which time he gave physical examinations to employees which included reading audiograms. Such background, experience and training were sufficient to support the testimony which he gave during the trial. The admissibility of Harvey's testimony did not depend on whether he was a "hearing specialist," as claimed by the plaintiff, which might be a factor in weighing his testimony. The plaintiff, however, chose not to question him on cross-examination. *State* v. *Grayton,* 163 Conn. 104, 111, 302 A.2d 246, cert. denied, 409 U.S. 1045, 93 S. Ct. 542, 34 L. Ed. 2d 495; *Wray* v. *Fairfield Amusement Co.,* 126 Conn. 221, 224, 10 A.2d 600.

There is no error.