MICHAEL McNAMEE *v.* WOODBURY CONGREGATION OF JEHOVAH'S WITNESSES ET AL.
(11587)

PETERS, C. J., HEALEY, PARSKEY, SHEA and DANNEHY, Js.

Argued October 9—decision released December 11, 1984

*James E. Kernan,* with whom was *Jeremiah M. Keefe,* for the appellants (defendants).

*Snow Gene Munford,* for the appellee (plaintiff).

PARSKEY, J. This case involves a quotient verdict. In an earlier appeal from the trial court's decision setting aside the verdict, we remanded the case "for further articulation . . . on the issue of whether the

actual verdict was solely the result of a prior agreement to employ the averaging procedure." *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses,* 193 Conn. 15, 23, 475 A.2d 262 (1984).[1] Upon remand the trial court found, on the basis of credible testimony, that the actual verdict was solely the result of the prior agreement.[2] The defendants argue that this finding is not supported by the evidence. We disagree.

At trial, one of the issues before the jury was contributory negligence. A consideration of the comparative negligence rule was required to decide this issue. See General Statutes § 52-572h. Three of the jurors felt that the plaintiff's negligence was less than 50 percent, while the remaining three believed that it exceeded 50 percent. There was testimony from the foreman and from one of the other jurors that in order to resolve the impasse, the jury agreed to average the several percentages and to be bound by the result. This evidence furnished a sufficient basis for the court's conclusion that the verdict rendered resulted solely from the prior agreement.

Although "[a] jury verdict cannot be set aside as a quotient verdict unless it is shown that the jury adhered to its agreement to abide by an averaging process and

---

[1] The fact that the jurors had employed an averaging process pursuant to an antecedent agreement among them was decided by the trial court upon the plaintiff's motion to set aside the verdict. We held on appeal that "[t]he trial court had before it sufficient evidence to sustain those findings." *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses,* 193 Conn. 15, 19, 475 A.2d 262 (1984).

[2] In its memorandum of decision, the trial court stated that "the plaintiff has established by *clear and convincing evidence* that the actual verdict was solely the result of a prior agreement to employ the averaging procedure." (Emphasis added.) See *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses,* 193 Conn. 15, 27, 475 A.2d 262 (1984) (*Healey, J.,* concurring.) In this case it is not necessary for us to determine whether the clear and convincing or the fair preponderance standard is to be utilized by the trial court in deciding a motion to set aside a verdict as an invalid quotient verdict because even if the higher standard were applicable it has been satisfied.

that its verdict was therefore reached as a result of the averaging agreement"; *McNamee,* supra, 20; it need not be shown that each and every member of the jury assented to the verdict only because he or she felt bound by the prior agreement. In this state it is required that jury verdicts be unanimous, requiring each juror to decide the case individually after impartial consideration of the evidence with the other jurors. Given the existence of a prior agreement to average, if the trial court found on the credible evidence that the jury felt bound to abide by the result reached through the averaging process so that the agreement became the sole basis for their concurrence in the verdict, that verdict must be set aside as one reached through compromise rather than "discussion, deliberation, reasoning and collective judgment." Id., 17.

The absence of unanimity is especially compelling in this case, where the averaging process was applied to the issue of contributory negligence. Here, the result reached through averaging determined not just the extent of the plaintiff's recovery, as would be the case if averaging were used to assess the measure of damages, but whether he was entitled to recover at all. In *Murray* v. *Krenz,* 94 Conn. 503, 109 A. 859 (1920), a personal injury case, this court sustained the trial court's refusal to grant the plaintiff's motion to set aside a jury verdict only insofar as it related to the amount of damages. The court held that "a new trial confined to the single issues [sic] of damage will be a serious injustice to the defendant. He has never had the issue of liability determined by the conscientious conviction of all of the jury; and that he is entitled to have. Further, 'a verdict which is reached only by the surrender of conscientious convictions upon one material issue by some jurors in return for a relinquishment by others of their like settled opinion upon another issue and the result is one which does not command

the approval of the whole panel, is a compromise verdict founded on conduct subversive of the soundness of trial by jury.' '' (Citation omitted.) Id., 509. In this case, the fact that two jurors felt bound to concur with the result obtained pursuant to the agreement to average deprived the plaintiff of his right to have "the issue of liability determined by the conscientious conviction of all of the jury." Id.

The fact that the record discloses inconsistencies in the testimony of the six jurors does not in any way vitiate the trial court's finding. "Where there is conflicting evidence . . . we do not retry the facts or pass upon the credibility of witnesses. The trial court determines the credibility of witnesses . . . and the weight of the evidence is not determined by the number of witnesses for or against any one proposition. . . . Where the evidence, as here, is in conflict, its probative force is for the trier." (Citations omitted.) *Robert Lawrence Associates, Inc.* v. *Del Vecchio,* 178 Conn. 1, 14, 420 A.2d 1142 (1979).

In the context of deciding a motion to set aside a verdict for jury misconduct, the credibility of the jurors and the weight accorded their testimony becomes of vital importance. Once a jury reaches a unanimous verdict, such a verdict will not be lightly set aside merely because one of its members has second thoughts upon reflection after trial. Here, however, the court had the opportunity to observe the jurors during trial and to examine them at a post trial hearing. It is not for us to question that court's findings absent a showing of clear error. "On appeal, it is the function of this court to determine whether the decision of the trial court is clearly erroneous. See Practice Book, 1978, § 3060D. . . . [W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and

the pleadings in the whole record, those facts are clearly erroneous." *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). Upon examination of the transcripts in this case, we find that the trial court's conclusions are adequately supported by the evidence.

There is no error.

In this opinion PETERS, C. J., SHEA and DANNEHY, Js., concurred.

ARTHUR H. HEALEY, J., concurring. In our earlier opinion in this case, I concurred in the result reached by the majority. *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses,* 193 Conn. 15, 24, 475 A.2d 262 (1984) (*Healey, J.,* concurring.). In doing so, I took the position that any party who sought to void a civil jury verdict on the ground that it was invalid as a quotient verdict should prevail only if that invalidity was established by the standard of clear and convincing proof. Id., 27, 28, I hew to that position for the reasons stated at that time.

On remand, the trial court, after evaluating the conflicting evidence to which it referred, expressly stated: "It is found on the basis of the credible testimony that the plaintiff has established by *clear and convincing evidence* that the actual verdict was solely the result of a prior agreement to employ the averaging procedure." (Emphasis added.)

I, therefore, concur in the result on the ground that it is justified by the clear and convincing standard of proof.