LAURA D. KLINGEMAN, ADMINISTRATRIX (ESTATE OF
TODD KLINGEMAN) *v.* WILLIAM MACKAY ET AL.
(9053)

SPALLONE, NORCOTT and LAVERY, Js.

Argued May 3—decision released July 9, 1991

*Thomas J. Weihing,* with whom were *Joseph E. Sakal*
and, on the brief, *John T. Bochanis,* for the appellant
(plaintiff).

*Thomas G. Parisot,* with whom, on the brief, was *Richard R. Talbot,* for the appellees (named defendant et al.).

*Paul E. Pollock,* for the appellee (defendant J. William Burns).

NORCOTT, J. The plaintiff in this wrongful death action appeals from the judgment in favor of the defendants after a jury trial. On appeal, she principally challenges the trial court's (1) failure to determine that prejudicial juror misconduct had occurred during the jury deliberations, (2) refusal to allow into evidence a motor vehicle summons issued to one of the defendants, (3) charge to the jury on "sole proximate cause" as it related to the defendant J. William Burns, commissioner of the state department of transportation, and (4) refusal to set aside the verdict.[1] We affirm the judgment of the trial court.

The jury could reasonably have found the following facts. On January 12, 1984, Todd Klingeman was driving on Route 64 in Middlebury when his car slid on an icy patch in the road. After the car came to rest, it was struck by a logging truck operated by the defendant Clarence Marcotte and owned by the defendant William MacKay. At the time of the accident, the logging truck was 19,520 pounds overweight. Todd Klingeman died from injuries he sustained in the accident.

The plaintiff, the decedent's mother and administratrix of his estate, commenced a wrongful death action against the defendants, MacKay, Marcotte and Burns.[2] After a trial, the jury returned a verdict in

[1] The plaintiff also claims that the trial court improperly allowed one juror to testify at the evidentiary hearing as to her thought process in arriving at her verdict. *Aillon* v. *State,* 168 Conn. 541, 553, 363 A.2d 49 (1975). Any error was cured, however, when the trial court, in its memorandum of decision, struck the challenged testimony and accordingly refused to consider it.

[2] Route 64 is a highway owned by the state of Connecticut. The count against Burns was brought pursuant to General Statutes § 13a-144.

favor of the defendants. The plaintiff moved to set aside the verdict and for a new trial. From the trial court's denial of these motions, this appeal ensued.

I

The plaintiff's first claim is based on alleged juror misconduct. The following additional facts are relevant to our discussion of this issue. The jury returned its verdict on May 8, 1989. That same day, the courtroom clerk, while retrieving the exhibits from the jury room, discovered a page copied from a dictionary. The page contained a definition of "proximate cause" and was not a piece of evidence in the case. In addition, a note to the court from certain members of the jury during deliberations suggested that one juror had reduced his thoughts to writing and had introduced this writing into the jury deliberation room.

On May 10, 1989, the plaintiff filed a motion for an evidentiary hearing regarding the alleged juror misconduct. She also filed motions to set aside the verdict, for a new trial and in arrest of judgment. At a hearing held on December 19, 1989, the court heard testimony from five of the six jurors. The remaining juror was out of state. Although certain jurors could not recall reading the dictionary page, the jurors all testified that they had agreed to follow the trial court's definition of proximate cause. The jurors who had not been involved in the specific acts of misconduct testified that the author of the writing had shared his transcribed thoughts with the other jurors and that they had voiced concern over that action to the offending juror. The court denied the plaintiff's motions on March 8, 1990.

We begin by noting that there is no claim in this case that the juror misconduct was occasioned by the prevailing party. "[A]bsent misconduct brought about by the prevailing party, the burden is on the complainant to show prejudice." *Williams* v. *Salamone,* 192 Conn. 116,

121, 470 A.2d 694 (1984); *Hamill* v. *Neikind,* 171 Conn. 357, 360 n.5, 370 A.2d 959 (1976). The test adhered to by our Supreme Court is " 'whether the misbehavior is such to make it probable that the juror's mind was influenced by it so as to render him or her an unfair and prejudicial juror.' " *Williams* v. *Salamone,* supra, 122. We find that, here, the plaintiff has not met this burden.

It is now axiomatic that not every instance of misconduct requires a new trial. *Hamill* v. *Neikind,* supra, 360. While we in no way condone the practices undertaken by one juror in this case, we do not accept the plaintiff's claim that these events prejudiced the fairness of the trial.

In *State* v. *Asherman,* 193 Conn. 695, 737, 478 A.2d 227 (1984), our Supreme Court addressed a similar claim of juror misconduct involving the use of a dictionary during deliberations. There, the court found that the defendant was not prejudiced by the jury's use of a dictionary definition of the word "inference" because the trial court had given a lengthy and complete charge to the jury on that word which it had repeated at the jury's request. Id. Similarly, the trial court in this case gave a complete and adequate jury instruction concerning proximate cause, which it repeated when requested to do so by the jury. Jurors are presumed, in the absence of evidence to the contrary, to follow the court's instructions. *State* v. *Rouleau,* 204 Conn. 240, 254, 528 A.2d 343 (1987); *State* v. *Cavros,* 196 Conn. 519, 528, 494 A.2d 550, cert. denied, 474 U.S. 904, 106 S. Ct. 233, 88 L. Ed. 2d 232 (1985). Thus, in this case, as in *Asherman,* the jury's use of the dictionary definition of proximate cause did not prejudice the plaintiff.

The plaintiff's argument that she was prejudiced by the submission to the jury of a writing that reflected one juror's thoughts must also fail. When a juror relies

on extrinsic evidence in reaching a decision, such deviation is measured by the likelihood that the impropriety influenced the jury's verdict. *State* v. *Asherman,* supra, 739. In a civil proceeding, such misconduct does not by itself infringe on the constitutional right to a fair trial; *Williams* v. *Salamone,* supra, 120; but is instead tested by the "probable prejudice" standard. *Speed* v. *DeLibero,* 215 Conn. 308, 316, 575 A.2d 1021 (1990).

In *Speed,* the Supreme Court noted that "[a] reviewing court cannot, on appeal, speculate on what jurors may have discussed and then speculate that the discussion probably prejudiced the plaintiff." Id., 315. Applying *Speed* to the present case, we cannot say that the plaintiff has sustained her burden of showing probable prejudice so as to warrant a new trial. To determine the impact of the juror's transcribed thoughts, this court would be forced to engage in the type of speculation that *Speed* precludes.

On the basis of the evidentiary hearing, the trial court was satisfied that nothing that had transpired affected the fairness of the trial.[3] It is for the trial court to assess the credibility of the jurors and the weight to be accorded their testimony in resolving matters of potential jury misconduct. *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses,* 194 Conn. 645, 648, 484 A.2d 940 (1984). Where the trial court had the opportunity to observe jurors and to examine them at a post-trial hearing, "[i]t is not for us to question that court's findings absent a showing of clear error." Id. Here, there has been no such showing.

---

[3] The plaintiff apparently interprets the trial court's finding on this issue as a determination that the jury did not engage in any misconduct. The record clearly does not support this conclusion.

## II

The plaintiff next claims that the trial court improperly refused to admit into evidence a motor vehicle summons issued to William MacKay, the owner of the logging truck, for violation of General Statutes § 14-267a, the overweight motor vehicle statute. At trial, the plaintiff twice attempted to introduce the summons and its disposition into evidence. The plaintiff's first attempt came in an offer made outside of the presence of the jury immediately before the direct examination of Clarence Marcotte, the driver of the logging truck. The summons, which was marked as an exhibit for identification only, was issued by the Middlebury Police Department to William MacKay on January 12, 1984, at 10:17 a.m. and alleged a violation of § 14-267a. The summons, which was certified by an assistant clerk of records as a true copy of record, further indicated that the driver of the truck was Clarence Marcotte and that the truck was 19,520 pounds overweight. The disposition of the summons was indicated by the letter "G." The trial court took judicial notice of the fact that the "G" on the summons represented a finding of guilty, but excluded the exhibit because it found that the plaintiff had laid no foundation to connect the defendant MacKay with the William MacKay referenced on the traffic summons.

The plaintiff later offered the exhibit as a certified public document pursuant to General Statutes § 52-165.[4] The trial court again found a lack of foun-

---

[4] General Statutes § 52-165 provides: "The entries or records of all corporations and all public offices, where entries or records are made of their acts, votes and proceedings, by some officer appointed for that purpose, may be proved by a copy certified under the hand of such officer, and the seal of such corporation or office, if any; and, if any such officer knowingly makes a false certificate, he shall be subject to the penalties provided for false statement."

dation connecting the defendants MacKay and Marcotte to the summons. We find that the trial court should have allowed the exhibit into evidence as a public document under General Statutes § 52-165. Our review of the record reveals that, at the time of the second offer, there was a foundation laid from which the jury could have reasonably believed that the defendants MacKay and Marcotte were the very same individuals reflected on the traffic summons. As such, the trial court should have let the jury work their will with the public document.

Our analysis of this claim does not end here, however, because we must determine whether the trial court's ruling was harmful so as to require reversal. *Sanderson* v. *Steve Snyder Enterprises, Inc.,* 196 Conn. 134, 142, 491 A.2d 389 (1985). The burden of proving that an incorrect evidentiary ruling was harmful rests on the party asserting the error. Id.; *Saphir* v. *Neustadt,* 177 Conn. 191, 201, 413 A.2d 843 (1979). The relevant inquiry is whether the court's action would likely affect the final result. *Spiniello Construction Co.* v. *Manchester,* 189 Conn. 539, 545, 456 A.2d 1199 (1983); *Saphir* v. *Neustadt,* supra, 201–202. In this case, we find that the plaintiff has not sustained this burden because the summons was merely cumulative to the issue of whether MacKay and Marcotte owned and operated an overweight vehicle. In the defendants' answers to the plaintiff's request for disclosure and production, MacKay admitted that he had received a summons for owning a vehicle that was overweight at the time of the accident. He also admitted that he had pleaded guilty, had been convicted and had paid the fine indicated on the summons. Furthermore, the defendants' counsel admitted during his opening remarks to the jury that (1) at the time of the collision with the decedent's car, "Mr. Marcotte was driving the truck owned by Mr. MacKay," and (2) "the truck on that day

was 19,520 pounds over the registered gross vehicle weight for that truck." Any evidentiary impropriety committed by the trial court was thus rendered harmless by these admissions.

## III

The plaintiff's third claim requires little discussion. The plaintiff argues that the trial court improperly charged the jury concerning "sole proximate cause" as that term relates to the defendant J. William Burns, commissioner of the department of transportation. It has been recently settled by our Supreme Court that, with respect to the standard of causation in a highway defect case, General Statutes § 13a-144 requires a plaintiff to prove that the highway defect alleged to have caused the death or injury was the sole proximate cause of such death or injury. *White* v. *Burns,* 213 Conn. 307, 318–34, 567 A.2d 1195 (1990). The plaintiff accepts this statement of the law but asserts that the specific facts of the present case, including the state's knowledge of the hazardous icy road condition and its failure to act thereon in a reasonable manner, warrant our adoption of a lower standard than sole proximate cause. We decline to accept the plaintiff's argument.

## IV

The plaintiff finally claims that the trial court wrongfully denied her motion to set aside the verdict which, she argues, was against the law and evidence. The essence of the plaintiff's argument is that the court failed to agree with her that the jury (1) engaged in harmful misconduct, and (2) misapplied the law. Because we have already discussed and resolved the first part of this argument, we now discuss only the alleged misapplication of the law by the jury.[5]

---

[5] The plaintiff has not claimed that the jury displayed any prejudice, partiality or corruption.

The following additional facts are necessary to our discussion of this issue. When the clerk read the verdict forms submitted by the jury, the court realized that the forms were inconsistent as to the defendant Burns. The jury handed in two forms regarding Burns. On one, the jurors found "the issues for the defendant, J. William Burns, Commissioner of Transportation"; on another they found "the issues for the plaintiff, Laura Klingeman, against the defendant J. William Burns, Commissioner of Transportation, in the amount of no dollars." After discussing the apparent inconsistency with both counsel, the court recharged the jury on the verdict forms, reasoning that "[t]he court should explain to the jury that if they found the issues on liability and proximate cause in favor of Commissioner Burns that should be reflected in one verdict. The other verdict form which finds the issues for the plaintiff against the defendant and awards zero damages is not proper if they found on a question of liability and proximate cause in favor of Commissioner Burns." In response to the court's recharge, which precisely followed the above reasoning, the jury immediately returned one form finding the issues in Burns' favor.

"The decision to set aside a verdict entails the exercise of a broad legal discretion that, in the absence of clear abuse, we shall not disturb. *O'Brien* v. *Seyer,* [183 Conn. 199, 208, 439 A.2d 292 (1981)]." *Palomba* v. *Gray,* 208 Conn. 21, 24, 543 A.2d 1331 (1988). The trial court is guided by two settled principles: (1) a verdict should not be set aside when it is apparent that some evidence exists upon which the jury might have reasonably reached its conclusion; and (2) a verdict should be set aside when it evinces such manifest injustice as clearly to denote that the verdict was the product of such improper influences as mistake in the application of legal principles, prejudice, corruption or partiality. Id.

Our review of the record does not lead us to conclude that the trial court's handling of the jury's initial confusion was an abuse of discretion. Both the trial court's procedural efforts to straighten out an apparent inconsistency and its supplemental instructions were proper and laudable. The fact that the jury returned within minutes with consistent verdict forms cannot be overlooked. We find no abuse of discretion that would warrant a new trial.

The judgment is affirmed.

In this opinion the other judges concurred.