CYNTHIA M. KORHONEN *v.* ANDREW DUDANOWICZ

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE NO. 387081S
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed December 10, 1993

*Hoberman & Pollack,* for the plaintiff.

*A. J. Callahan,* for the defendant.

HON. ROBERT SATTER, STATE TRIAL REFEREE. The plaintiff moves to set aside the jury verdict in this motor vehicle accident case on the following grounds: (1) it is inadequate; (2) it is defective in that it is based not on the evidence, but on the personal experience of one of the jurors; and, (3) it is a quotient verdict.

In the present case, the plaintiff sought damages as a result of the negligence of the defendant, claiming she suffered injury to her neck. The evidence was conflicting as to the permanence, seriousness and disabling consequence of that injury. The jury returned a verdict for the plaintiff, awarding her $4576.72 in economic damages and $4550 in noneconomic damages for a total of $9166.72.

After the verdict was returned, the plaintiff's attorney and his paralegal met several of the jurors outside the courthouse. The plaintiff's attorney asked how they determined the noneconomic damages. According to the affidavit of the paralegal, one juror stated that the plaintiff could not have suffered a permanent injury because that juror did not suffer one when he was in a motor vehicle accident, and that the jury determined the noneconomic damages by having each juror recommend a dollar amount, then adding the sums together and dividing that total by six.

On the basis of the affidavit supporting the motion to set aside the verdict, the court determined that an inquiry of the jurors had to be made on the latter two grounds asserted by the plaintiff. The court solicited from counsel the manner of conducting the inquiry. All agreed that the matter was sensitive and that the proper balance had to be reached between protecting the secrecy of the jury deliberations and the precedent in *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses*, 193 Conn. 15, 18–19, 475 A.2d 262 (1984) (*McNamee I*). The court, however, insisted, since the proceeding was adversarial, that each of the lawyers should also have the right to inquire, but cautioned that jurors should not be subjected to harassing examination. The defendant's attorney urged that only the court interrogate the jurors and objected to either lawyer being allowed to examine them. That objection was overruled.

Four of the six jurors[1] subpoenaed by the clerk of the court appeared for the hearing. The court conducted the questioning, with each counsel then continuing the interrogation.

Only one juror remembered another juror's mentioning during deliberations that he had been in an automobile accident and had not been injured. None of the jurors, however, was influenced by that juror's remarks. At the end of the evidence, the plaintiff's counsel conceded that he had not proved the second stated ground for setting aside the verdict and withdrew it.

All of the jurors testified that the plaintiff's counsel, in his closing argument, had urged that the jury determine noneconomic damages by deciding fair compensation for each day the plaintiff suffered pain and suffering and multiplying that amount by the number of days of such suffering. The jurors agreed to follow that method. They each suggested a number for a single day of suffering. There was not much difference between the numbers. They then agreed that the fairest way to arrive at the amount was to total their numbers and to divide by six. They did not agree in advance to be bound by that average. After it was calculated, all agreed it was a fair amount.

The jurors then considered all the evidence on the duration of the plaintiff's pain and suffering, paying particular attention to medical reports and bills rendered. They were especially impressed with the testimony of one doctor that the plaintiff felt bad one out of every three days. Eventually they agreed on the number of days the plaintiff had suffered, multiplied that number by the amount they had arrived at as fair

---

[1] Two jurors were not served. After the hearing, the parties stipulated that the court had heard enough evidence on the issues before it despite the absence of those two jurors.

compensation for each day, and concluded that the plaintiff was entitled to $4590 for noneconomic damages.

The plaintiff attacks the verdict on the grounds that (1) it is inadequate and, (2) it is illegal because it is a quotient verdict.

The test of the adequacy of a verdict is: "[I]f the amount awarded shocks the sense of justice as to what is reasonable, then the inferred conclusion is that the jury was misguided in reaching its decision." (Internal quotation marks omitted.) *Malmberg* v. *Lopez,* 208 Conn. 675, 680, 546 A.2d 264 (1988); *Jeffries* v. *Johnson,* 27 Conn. App. 471, 475, 607 A.2d 443 (1992).

Here, there was conflicting testimony as to the extent, duration and permanency of the plaintiff's injuries to her neck. There was ample evidence for the jury to conclude that the plaintiff was not seriously injured. On balance, this court finds the verdict of $4590 for noneconomic damages is not so unjust as to warrant setting it aside.

A "quotient" verdict is defined as follows: "When members of a jury agree (1) that each juror will specify the figure which he recommends and that all the figures will be added together and the sum divided by the number of jurors, and (2) that all the jurors will be bound by, and accept as their verdict, the quotient thereby obtained . . . ." (Internal quotation marks omitted.) Annot., 8 A.L.R. 3d 339; *McNamee I,* supra, 193 Conn. 17. To these two elements, the Supreme Court in *McNamee I,* supra, added a third, namely "that the *actual* verdict as reported by the jury was solely the result of the agreement and averaging procedure." (Emphasis in original.) Id., 19.

The vice of the quotient verdict and the reason for its invalidity is that (1) it violates the rule "that jury

verdicts be unanimous, requiring each juror to decide the case individually after impartial consideration of the evidence with the other jurors." *McNamee* v. *Woodbury Congregation of Jehovah's Witnesses,* 194 Conn. 645, 647, 484 A.2d 940 (1984) (*McNamee II*); and (2) it is based on chance and not upon discussion, deliberation, reasoning and collective judgment. *McNamee I,* supra, 193 Conn. 17; 76 Am. Jur. 2d, Trial § 1219.

Here, the jury verdict is not an invalid quotient verdict because (1) although the jurors averaged the amount they determined to be just compensation for each day of the plaintiff's suffering, they did not agree in advance to be bound by that figure, (2) each of the jurors stated that the amount arrived at by averaging was itself a fair figure that they all readily accepted, and (3) the actual verdict was not *solely* the result of the averaging procedure. In addition to the per diem amount for suffering, the jurors had to determine the number of days the plaintiff suffered. In making that determination, they considered all the evidence and deliberated together. The final verdict, thus, was not based only on averaging, but on the jury's collective reasoning and judgment. Consequently, it was not an illegal quotient verdict.

Accordingly, the plaintiff's motion to set aside the verdict is denied.