[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff moves for a posttrial hearing because some days after the jury rendered its verdict a juror telephoned the clerk's office and indicated to a temporary assistant clerk that the juror did not understand that the verdict had to be unanimous. Based on this communication plaintiff has moved for a hearing so that the juror could be questioned under oath. This court heard arguments as to whether the juror should be summoned to attend such a hearing.
"It has been firmly established in this state that a juror is no longer incompetent to testify in an attempt to impeach the CT Page 1102 verdict rendered in . . . a civil . . . case." Josephson v.Meyers, 180 Conn. 302, 310. The court is permitted to question the jurors to ascertain "whether an incident of potential misconduct occurred." Id. Testimony from the jurors may be elicited "for the purpose of avoiding a verdict, to show any matter occurring during the trial or in the jury room, which does not essentially inhere[1] in the verdict itself, as that a juror was improperly approached by a party, his agent, or attorney; that witnesses or others conversed as to the facts or merits of the cause, out of court and in the presence of jurors; that the verdict was determined by aggregation and average or by lot, or game of chance or other artifice or improper manner." (Internal quotation marks omitted.) Id.; Aillon v. State,168 Conn. 541, 551.
However, such testimony or "affidavit to avoid the verdictmay not be received to show any matter which does essentiallyinhere in the verdict itself, as that the juror did not assent tothe verdict; that he misunderstood the instructions of the court; the statements of the witnesses or the pleadings in the case; that he was unduly influenced by the statements or otherwise of his fellow jurors, or mistaken in his calculations or judgment, or other matter resting alone in the juror's breast." (Emphasis in the original; internal quotation marks omitted.) Josephson v.Meyers, supra, 180 Conn. 310-11; see also Enquire Printing Publishing Co. v. O'Reilly, 193 Conn. 370, 378 (holding "[a] jury verdict may not be impeached by an affidavit of a juror showing that he misunderstood the instructions of the court") (internal quotation marks omitted); Aillon v. State, supra, 168 Conn. 550
(excluding "as immaterial, evidence as to the expressions and arguments of the jurors in their deliberations and evidence as to their own motives, beliefs, mistakes, and mental operations generally, in arriving at their verdict") (emphasis added; internal quotation marks omitted).
Equally important, testimony need not be taken if the alleged juror misconduct would not warrant a new trial. Hamill v.Neikind, 171 Conn. 357, 360 n. 4 (1976); see Ginsberg v. Fusaro,225 Conn. 420, 429 n. 11 (stating "it is today universally agreed that on a motion to set aside a verdict and grant a new trial the verdict cannot be affected, either favorably or unfavorably, by the circumstances: that one or more jurors misunderstood the judge's instruction. . . ."). The burden of proving juror misconduct is on the moving party to show prejudice at least where the opposing party has no part in the incident. Williams v.CT Page 1103Salamone, 192 Conn. 116, 121. The test in a civil case is "whether the misbehavior is such to make it probable that the juror's mind was influenced by it so as to render him or her an unfair and prejudicial juror." (Internal quotation marks omitted.) Id., 122.
Lastly, strong policy reasons favor limiting when jury testimony can be taken. Aillon v. State, supra, 168 Conn. 550. The various policy reasons advanced are "to give stability to the verdicts of jurors, to minimize the temptation for jury-tampering, and to prevent inquisition into the arguments and reasoning of the jurors that go into their ultimate verdict." Id.
In this case the juror should not be brought in for a posttrial hearing because the testimony sought to be elicited involves a matter which does "essentially inhere" in the verdict. The plaintiff seeks to elicit testimony regarding the foreperson's misunderstanding of a "unanimous verdict." But a jury verdict may not be impeached by juror testimony showing that the juror misunderstood the court's instructions because such testimony would "essentially inhere" in the verdict.
Equally important, it should be noted that the meaning of a unanimous verdict was defined by the court twice in its instructions to the jury. At no time did any juror indicate any confusion as to its meaning. Furthermore, the verdict was read by the clerk to the jury twice. "[T]he final assent of the jurors, given after the verdict has been read aloud by the clerk, accepted and ordered recorded by the court, and read aloud a second time by the clerk, makes the verdict. . . . Ample opportunity is thus afforded, and designedly so, for the court, counsel, and the jurors to comprehend the verdict and to cure any misunderstanding before the final assent." (Internal quotation marks omitted.) Josephson v. Meyers, supra, 180 Conn. 309.
Eliciting testimony of the juror regarding her misunderstanding of the court's instructions would implicate the mental processes of that juror, and the court is not entitled to consider a juror's mental processes at a posttrial hearing.Aillon v. State, supra, 168 Conn. 549.
The motion for a posttrial hearing is denied.
John J. Langenbach Superior Court Judge CT Page 1104