## MARYANN BALDWIN *v.* FRANK JABLECKI ET AL.
### (AC 17917)

O'Connell, C. J., and Sullivan and Daly, Js.

Argued January 25—officially released March 23, 1999

*Arthur C. Laske*, with whom was *Raymond G. Baldwin, Jr.*, for the appellant (plaintiff).

*Dennis F. McCarthy*, for the appellees (defendants).

SULLIVAN, J. The plaintiff, Maryann Baldwin, appeals from the judgment rendered, following a jury trial, for the defendants, Ann Jablecki and Frank Jablecki, on a two count complaint sounding in negligence. The plaintiff claims that the trial court improperly (1) directed a verdict as to the second count of statutory negligence and (2) denied her motion for an evidentiary hearing or to set aside the judgment because of juror misconduct. We affirm the judgment.

The jury reasonably could have found the following facts. The defendants owned and leased to the plaintiff's son an apartment in a three-family house in Bridgeport. On March 11, 1993, at about 7:40 a.m., the plaintiff left the apartment through the front door onto a common porch and fell on the concrete steps due to an accumulation of ice.

The complaint alleged in the first count a breach of duty for failure to remove ice from the steps. The second count alleged violations of the building code that the defendants had failed to remedy. The trial court directed a verdict for the defendants as to the second count, and the jury returned a defendants' verdict as to the first count. The trial court denied the plaintiff's motion to set aside the verdict and to hold an evidentiary hearing of the jurors. This appeal followed.

I

The plaintiff claims that the trial court improperly directed a verdict for the defendants as to the second count of her complaint. We disagree.

At the close of evidence, the defendants moved for a directed verdict as to the second count because the plaintiff failed to produce evidence that proved the statutory violations alleged in her complaint. The plaintiff objected on the grounds that the second count of her

complaint alleged common law negligence as well as statutory negligence and that the common law negligence claim should be determined by the jury. Granting the defendants' motion, the trial court concluded that the second count alleged only statutory negligence.[1] The dispositive issue, then, is whether a fair reading of the second count of the complaint reasonably forecloses a common law negligence claim.

"The interpretation of pleadings is always a question of law for the court. . . . In addition, [t]he allegations of the complaint must be given such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice *between the parties*. . . . . *Jacques All Trades Corp.* v. *Brown*, 33 Conn. App. 294, 302, 635 A.2d 839 (1993). It is axiomatic that the parties are bound by their pleadings. . . . *Geren* v. *Board of Education*, 36 Conn. App. 282, 289, 650 A.2d 616 (1994), cert. denied, 232 Conn. 907, 653 A.2d 194 (1995)." (Citation omitted; emphasis in original; internal quotation

---

[1] The second count of the original complaint alleges in relevant part:

"4. While exiting the defendants' premises, the plaintiff, using due caution and reasonable care, slipped on the dangerous and defective exterior stairs.

"5. The plaintiff's fall was caused by the negligence of the defendants in that: a. they failed to make the exterior stairs conform to the minimum rental/building code in that: i. there was no adequate top platform; ii. the risers (steps) were uneven; iii. there were inadequate handrails. b. in the exercise of reasonable care and inspection, they should have known of these violations/conditions and should have remedied them and they did not do so."

After the defendants' request to revise, the plaintiff amended the second count by adding the relevant building code provisions:

"5. The plaintiff's fall was caused by the negligence of the defendants in that: a. they failed to make the exterior stairs conform to the minimum rental/building code in that: i. there was no adequate top platform *in violation of Council of American Building Officials (a/k/a KOBA) section R-212*; ii. the risers (steps) were uneven *in violation of Council of American Building Officials (a/k/a KOBA) section R-213*; iii. there were inadequate handrails *in violation of Building Officials and Code Administrators (a/k/a BOCA) sections 817.7, 825.1 and 2*." (Emphasis added.)

marks omitted.) *Kunst* v. *Vitale*, 42 Conn. App. 528, 532, 680 A.2d 339 (1996). Although statutory negligence and common-law negligence *may* be pleaded in one count; *Root* v. *Connecticut Co.*, 94 Conn. 227, 108 A. 506 (1919); we do not presume that they *have* been so pleaded.

We first note that the complaint contains two counts, one clearly based on common-law negligence and the second on statutory negligence. As the trial court noted, an initial reading would suggest that the pleader intended to plead common-law negligence and statutory negligence separately. This is an indicium, but our inquiry cannot end here because the first count arises out of the failure to remove ice and snow whereas the second arises out of the physical structure of the building.

It is undisputed that count two of the complaint alleges at least negligence per se based on building code violations. The plaintiff argues that paragraph four and subsection b of paragraph five also provide a basis for common-law negligence. Paragraph four alleges that the plaintiff "slipped on the dangerous and defective exterior stairs." Subsection b of paragraph five alleges that the defendants should have known of and remedied the "violation/conditions" but did not. A fair reading of the complaint, however, cannot ignore subsection a of paragraph five, which specifies the defects alluded to in paragraph four and provides the antecedents to "these violations/conditions." The defects and negligence alleged in count two are defined in terms of the building code. Indeed, the building code violations are the centerpiece of count two. Moreover, the plaintiff's statutory negligence claim failed because the building was erected prior to the enactment of the building code, not because the plaintiff abandoned the claim in favor of a common-law negligence claim. Because we agree with the trial court that the gravamen of count two is

the violation of the building code, we conclude that the trial court properly directed a defendants' verdict.

## II

The plaintiff claims that the trial court improperly denied her motion for an evidentiary hearing or to set aside the verdict for juror misconduct. We disagree.

The plaintiff argues that the jurors disregarded their duty to deliberate and to consider the evidence and, instead, delivered a quick verdict to her prejudice because they were inconvenienced by delays, the length of the trial and their service in general. Specifically, she notes that (1) the trial started a day later and ended about a week later than the jury had previously been told; (2) the jurors had to wait in the deliberation room while the trial court held an evidentiary hearing into why an alternate juror failed to appear;[2] (3) the jurors were further delayed while the clerk's office tried to contact three jurors who had not appeared because of a clerical error;[3] and (4) the jurors, having asked the court on the previous day when the trial would end, deliberated for only one and one-half hours before returning a defendants' verdict.

A specific allegation of juror misconduct requires some inquiry by the trial court. *State* v. *Brown*, 235 Conn. 502, 526, 668 A.2d 1288 (1995). "Where juror misconduct is alleged in civil cases, the rule is that if the prevailing party is not implicated in the misconduct,

[2] This alternate juror was removed from the panel, did not participate in the deliberations, and had no further contact with the jury. The plaintiff does not claim that this alternate juror participated in any misconduct but rather argues that the delay created by this alternate juror's behavior irritated the jury to her detriment.

[3] The clerk's office was unable to locate one full juror, who was therefore dismissed. The clerk's office did reach the other two jurors, a full juror and an alternate, who left their personal and professional obligations to go to court that day. The plaintiff notes that the full juror was issued a citation for speeding on his way to the courthouse.

[t]he burden rests on the moving party . . . to demonstrate that the juror misconduct complained of resulted in probable prejudice to him. . . . *Lukstas* v. *Saint Francis Hospital & Medical Center*, 23 Conn. App. 680, 685, 583 A.2d 941 (1990); see *Meyers* v. *Cornwell Quality Tools, Inc.*, 41 Conn. App. 19, 37, 674 A.2d 444 (1996). Our Supreme Court has made it clear that a party has been prejudiced by juror misconduct if the misbehavior is such to make it probable that the juror's mind was influenced by it so as to render him or her an unfair and prejudicial juror. . . . *Williams* v. *Salamone*, 192 Conn. 116, 122, 470 A.2d 694 (1984); see *Speed* v. *DeLibero*, 215 Conn. 308, 314, 575 A.2d 1021 (1990); *Klingeman* v. *MacKay*, 25 Conn. App. 217, 220, 594 A.2d 18, cert. denied, 220 Conn. 910, 597 A.2d 333 (1991)." (Internal quotation marks omitted.) *Turk* v. *Silberstein*, 48 Conn. App. 223, 226–27, 709 A.2d 578 (1998). Furthermore, we cannot infer misconduct from the duration of the jury's deliberation. "The length of time that a jury deliberates has no bearing on nor does it directly correlate to the strength or correctness of its conclusions or the validity of its verdict. In fact, the length of time of the jury's deliberations is a double-edged sword. A short deliberation, rather than being indicative of a lack of diligence, may in fact attest to the strength of the [prevailing party's] case." *State* v. *Hernandez*, 28 Conn. App. 126, 136, 612 A.2d 88, cert. denied, 223 Conn. 920, 614 A.2d 828 (1992).

Our initial inquiry is whether there was an allegation of misconduct sufficient to warrant even an evidentiary hearing by the trial court. We are not convinced that there was. The plaintiff has not pointed to a specific instance of juror misconduct but instead hopes that this court will infer juror misconduct from circumstances that are perhaps unusual but not extraordinary. Delays and scheduling problems are an unfortunate but normal feature of a trial. Even with the various

problems, this trial only took six days including deliberations. Personal and professional inconvenience is a sacrifice made by all jurors. The fact that the jury returned a verdict after one and one-half hours does not indicate that the verdict resulted from the jury's discontent. If we were to presume that the normal delays and problems inherent in a trial precipitated juror misconduct, courts would be faced with misconduct claims in every jury trial. Discerning misconduct from delays and other minor mishaps cited by the plaintiff requires too speculative a leap. Because the plaintiff has not made a viable allegation of juror misconduct, we conclude that the trial court properly denied the plaintiff's motion for an evidentiary hearing.

Because there is no allegation of misconduct, there can be no argument that the misconduct resulted in prejudice to the plaintiff. Moreover, at no point did the plaintiff move for a mistrial or suggest that the delays and scheduling problems were prejudicial to her. We, therefore, conclude that the trial court properly denied the plaintiff's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.