[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#165)
I. Factual and Procedural Background:
This dispute arose from the repossession of a leased 1997 Ford Expedition. On July 28, 1998, the plaintiffs, Robert and Gayle Becker, filed their fifth amended complaint against the defendant, Ford Motor Credit Company (FMCC), alleging statutory violations (counts one and three) and a claim for the infliction of emotional distress (count two). On September 14, 1998, the court (Gordon, J.) granted the defendant's motion to strike the third count of the plaintiffs' fifth amended complaint. FMCC then filed an answer, special defenses and a counterclaim alleging beach of contract. On July 6, 1999, the defendant filed a motion CT Page 428 for summary judgment with the requisite memorandum of law. The plaintiffs filed a memorandum in opposition and then a supplemental memorandum of law. FCMM then filed a reply to the plaintiffs' memoranda in opposition.
II. Standard of Review:
Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . ." Miller v. United Technologies Corp. ,233 Conn. 732, 744-45, 660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." Id., 745. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law; D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980)." Rivera v. Double ATransportation, Inc., 248 Conn. 21, 24, ___ A.2d ___ (1999).
III. Discussion:
A. Counts One and Two of the Plaintiffs' Amended Complaint:
In count one of their amended complaint, the Beckers allege that in the course of repossessing the automobile and afterwards, FMCC violated the provisions of the Connecticut Unfair Trade Practices Act (CUTPA). The plaintiffs contend that FMCC's conduct creates a genuine issue of material fact that precludes summary judgment. In addition, the plaintiff's claim that the behavior of FMCC's agents humiliated them and caused great emotional distress (count two). The defendant counters that, because the plaintiffs defaulted on their lease payments, it lawfully repossessed the Ford, pursuant to the leasing agreement, and, therefore, its actions cannot constitute a violation of CUTFA nor support the plaintiff's emotional distress claim.[1]
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule' by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common CT Page 429 law, or otherwise — whether, in other words, it is within at least the penumbr of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [competitors or other businessmen]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Citations omitted; internal quotation marks omitted.) CheshireMortgage Service, Inc. v. Montes, 223 Conn. 80, 105-06,612 A.2d 1130 (1992)." Fink v. Golenbock, 238 Conn. 183, 215,680 A.2d 1243 (1996).
A cause of action for the infliction of emotion distress requires that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." Id.; see also Morris v. Hartford CourantCo., supra, 200 Conn. 683-84; 2 Restatement (Second), Torts § 313 (1965). Parsons v. United Technologies Corporation, 243 Conn. 66,700 A.2d 655 (1997).
In their complaint the Beckers allege that:
 "Edward Wang, employee of Ford Motor Credit Company, Inc. called the Plaintiff Gayle Becker a liar and told one of the individuals in the process of taking the vehicle over the telephone to do "whatever it takes to get this car." (Plaintiff's Complaint, dated July 27, 1998, ¶ 615). In her affidavit, Gayle Becker, asserts that "While the vehicle was in the process of being repossessed, on May 16, 1997, Gayle Becker telephoned Edward Wang at Ford Motor Credit Company, Inc., Mr. Wang being identified by Steve Davidson (one of) the repossessors, as having ordered the repossession. Gayle Becker asked Mr. Wang to desist, because she had mailed the replacement check to Donna Welsh. Edward Wang called Gayle Becker a liar over the telephone. Edward Wang told Steve Davidson that Gayle Becker was a liar and that Mr. Davidson should do `whatever it takes to get this car.' The car was forcibly ripped from our garage. Our minor children were present at the scene, and we were humiliated and embarrassed before them. The vehicle was forcibly removed by Steve Davidson, who worked for Auto Lock, Inc. and another Auto Lock representative. Robert and Gayle Becker notified the CT Page 430 local Connecticut State Trooper of the forcible removal of their vehicle."
(Affidavit filed by Gayle Becker, ¶¶ 22-28.)
While FMCC had the right to repossess under the terms of the lease agreement it, nevertheless, must still employ appropriate means in exercising that right. The assertions contained in the affidavit provided by Gail Becker raise genuine issues of material fact about the reasonableness and fairness of FMCC's conduct.
Consequently, material issues of fact remain that cannot be resolved by summary judgment.
B. FMCC's Counterclaim for Breach of Contract:
FMCC asserts that there exists no issue of material fact with respect to the Beckers' liability for breach of the leasing agreement since the Beckers have conceded that they were in default of the loan. FMCC points out that the terms of the lease agreement require that any modifications or amendments to the contract be made in writing. The Beckers have asserted, in their memorandum of law in opposition to FMCC's motion for summary judgment, that the conduct of FMCC's agent, Donna Welsh, modified the agreement. They have not, however, pleaded this as a special defense. (Defendant's Amended Special Defenses, Dated July 3, 1998.) A party is bound by its pleadings. Baldwin v. Jablecki,52 Conn. App. 379, 382, ___ A.2d ___ (1999). The plaintiffs do, however, assert, as a special defense, the allegation that they attempted to tender payment for all past due monies owed.
It is the function of the court to construe the provisions of a contract. Springdale Donuts, Inc. v. Aetna Casualty Surety Co.,247 Conn. 801, ___ A.2d ___ (1999).
Paragraph 21 of the Lease Agreement states, in relevant part: "DEFAULT: You will be in default if (a) You fail to make any payment when due[.]" The lease does not, however, provide any provision or method for curing a default.
Therefore, by the terms of the contract, tender of monies past due does not provide a valid defense in this breach of contract claim. While the Beckers admit that they were in default, they have disputed the amount owed and provided a sufficient CT Page 431 evidentiary basis (Plaintiff's Exhibits 17 and 31) to raise an issue of material fact with respect to damages. Accordingly, the court finds that there does not exist a genuine issue of material fact with respect to liability but that there does exist a genuine issue of material fact as to damages.
IV. Conclusion:
For the reasons herein stated, the court finds that there exists genuine issues of material fact regarding the propriety of the defendant's action in connection with the repossession of the leased vehicle and, accordingly, the defendant's motion for summary judgment with respect to counts one and two ought to be and is hereby denied. The court further finds that with respect to the defendant's counterclaim for breach of contract that the plaintiffs breached the lease agreement by failing to timely make the payments due and, accordingly, the defendant's motion for summary judgment ought to be and is hereby granted as to liability only.
It is so ordered.
By the Court
Arena, J.