## ROBERT TURK *v.* JAN D. SILBERSTEIN
### (AC 16481)

Landau, Spear and Daly, Js.

Argued November 12, 1997—officially released March 24, 1998

*Augustus R. Southworth III,* with whom was *Leslie R. Gold,* for the appellant (defendant).

*H. James Stedronsky,* for the appellee (plaintiff).

*Opinion*

SPEAR, J. The defendant appeals from the judgment of the trial court setting aside a verdict for the defendant on the ground of juror misconduct. The defendant

claims that the trial court's action was improper because (1) it applied the wrong legal standard in assessing the evidence of juror misconduct, (2) its factual and legal conclusions were not supported by the evidence, and (3) public policy precludes persons from seeking out jurors after trial and soliciting information that could be used to attack the verdict. We affirm the judgment of the trial court.

We glean the following factual and procedural history from the record and the trial court's memorandum of decision. This medical malpractice case was ready for the jury's consideration late on Thursday afternoon, August 15, 1996. At that time, there was only one alternate juror remaining, and one of the regular jurors would have been unable to serve after August 16, 1996. Because of the possibility that the deliberations would not conclude on August 16, the parties agreed that the alternate juror would sit in on the deliberations, but would not participate.[1] The alternate would become a regular juror if no verdict was reached by the close of business on August 16, 1996. The court gave the alternate clear and direct instructions that she was not to participate in the deliberations. The trial court also instructed the jurors that they were not to permit the alternate to participate in the deliberations.[2] Because the jury returned a verdict for the defendant on August 16, 1996, the alternate never became a member of the panel.

---

[1] Whether this procedure is proper is not an issue in this appeal. The risks involved in allowing an alternate to sit in during deliberations are obvious, as evidenced by the circumstances here.

[2] General Statutes § 51-245 prohibits such participation, providing in relevant part: "(a) After a cause has been committed to a jury, the jurors . . . shall not converse with any person who is not a member of the jury relative to the cause under consideration before they have returned their verdict. . . .

"(b) If any juror converses with any person except other members of the jury concerning the cause while it is under consideration, or voluntarily suffers any other person to converse with him, the verdict, on motion, may be set aside. . . ."

On or about August 30, 1996, the plaintiff's wife encountered the alternate juror in a grocery store and the two women engaged in conversation. The alternate said that she had talked to the jury members during their deliberations. The plaintiff thereafter amended a previously filed motion to set aside the verdict to add a claim of misconduct by the alternate and regular jurors. After an evidentiary hearing in which the alternate and the regular jurors testified, the trial court found that "[t]he alternate juror spoke to the six regular jurors about the case; she participated in the deliberations; she added to the jury's information; she conveyed to the jury her opinion on various matters relating to the case that were being discussed; she communicated to the jury that she was in favor of the defendant; and she stated her opinion to the jury on what the evidence was or what the evidence meant."

The trial court concluded that "[t]here was juror misconduct during deliberations and that such misconduct made it probable that the jurors' minds were influenced by that misconduct so as to render them an unfair and partial jury." The court set aside the verdict and this appeal followed.

We first address our standard of review regarding the plaintiff's claims. We review a trial court's decision to set aside a verdict by determining whether there has been an abuse of discretion. *State* v. *Ross*, 230 Conn. 183, 227–28, 646 A.2d 1318 (1994), cert. denied, 513 U.S. 1165, 115 S. Ct. 1133, 130 L. Ed. 2d 1095 (1995); see also *Hunt* v. *Prior*, 236 Conn. 421, 428 n.21, 673 A.2d 514 (1996); *A-G Foods, Inc.* v. *Pepperidge Farm, Inc.*, 216 Conn. 200, 206, 579 A.2d 69 (1990). "Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong

purpose but merely means that the ruling appears to have been made on untenable grounds. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." (Internal quotation marks omitted.) *Whalen* v. *Ives*, 37 Conn. App. 7, 21, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995).

I

The defendant first claims that the trial court's action rests on untenable grounds because the court used the wrong legal standard in assessing the evidence presented at the hearing on the motion to set aside the verdict. The defendant posits that the plaintiff, as the movant, had the burden of demonstrating that he was actually prejudiced by the claimed juror misconduct. The defendant asserts that the trial court found only *probable* prejudice based on the trial court's statement in its memorandum of decision that "such misconduct made it *probable* that the jurors' minds were influenced by that misconduct so as to render them an unfair and partial jury." (Emphasis added.) The defendant misconstrues what "actual prejudice" means as it has been defined in our case law.[3]

Where juror misconduct is alleged in civil cases, the rule is that if the prevailing party is not implicated in

[3] The defendant makes much of the rule allocating the burden of proof in criminal cases where juror misconduct is claimed. If the trial court is implicated in the juror misconduct, the state must prove that the misconduct was harmless error. Where "the trial court was in no way responsible for the juror misconduct . . . we have repeatedly held that a defendant who offers proof of juror misconduct bears the burden of proving that actual prejudice resulted from that misconduct." (Internal quotation marks omitted.) *State* v. *Newsome*, 238 Conn. 588, 628, 682 A.2d 972 (1996). The defendant claims that the language in *Newsome* somehow places a "higher standard" on the plaintiff here. His rationale for this assertion is not clear to us. In fact, the Connecticut cases that he cites employ the standard that the trial court actually used.

the misconduct, "[t]he burden rests on the moving party . . . to demonstrate that the juror misconduct complained of resulted in *probable* prejudice to him." (Emphasis added.) *Lukstas* v. *Saint Francis Hospital & Medical Center*, 23 Conn. App. 680, 685, 583 A.2d 941 (1990); see *Meyers* v. *Cornwell Quality Tools, Inc.*, 41 Conn. App. 19, 37, 674 A.2d 444 (1996).[4] Our Supreme Court has made it clear that a party has been prejudiced by juror misconduct if "the misbehavior is such to make it probable that the juror's mind was influenced by it so as to render him or her an unfair and prejudicial juror." (Internal quotation marks omitted.) *Williams* v. *Salamone*, 192 Conn. 116, 122, 470 A.2d 694 (1984); see *Speed* v. *DeLibero*, 215 Conn. 308, 314, 575 A.2d 1021 (1990); *Klingeman* v. *MacKay*, 25 Conn. App. 217, 220, 594 A.2d 18, cert. denied, 220 Conn. 910, 597 A.2d 333 (1991).

The trial court enunciated the standard that was laid out in *Williams* v. *Salamone*, supra, 192 Conn. 122, virtually word for word. The defendant argues that for actual prejudice to exist, the misconduct must actually influence the juror. The short answer to this claim is that actual prejudice exists where the juror misconduct makes it "probable that the juror's mind was influenced by it," thereby rendering such a juror unfair and prejudiced. The trial court clearly applied the correct standard in assessing the evidence.

## II

We next turn to the defendant's claim that the court's legal conclusions lacked foundation in the evidence. The defendant claims that the evidence does not show that the regular jurors were actually affected by the alternate's participation in their deliberations. This contention is based on the trial court's failure to ask the

[4] There is no claim here that the prevailing party was implicated in the juror misconduct.

jurors whether the alternate's participation affected them and, if so, how it affected them.

Our Supreme Court has stated that in cases where juror misconduct is claimed, "jurors [are] competent to testify to the occurrence of incidents during trial or during their deliberations which might have affected the result of the trial, but [cannot] testify as to the impact of such incidents on their verdict. . . . Upon receiving evidence as to those incidents, it is for the trial court to determine whether they warrant a reversal of the verdict." (Citation omitted; internal quotation marks omitted.) *Josephson* v. *Meyers*, 180 Conn. 302, 311, 429 A.2d 877 (1980). Our Supreme Court has also held that although a trial court may inquire as to whether any juror prematurely stated an opinion on or evaluated the evidence, "[a]ny inquiry into the content of the opinion or the impact it had on the juror is clearly impermissible." *State* v. *Castonguay*, 194 Conn. 416, 437, 481 A.2d 56 (1984). The trial court determines the effect, if any, of the misconduct and, in so doing, "enjoys broad discretion in determining whether misconduct prejudiced the [moving party]." *Meyers* v. *Cornwell Quality Tools, Inc.*, supra, 41 Conn. App. 37. Contrary to the defendant's assertion, the trial court was not precluded from finding misconduct because it did not ask the jurors whether or how the alternate's actions affected them. Such questions clearly would have been improper.

The defendant also claims that the court's fact-finding was clearly erroneous. With respect to this claim, we apply certain principles that have been enunciated so often and are so well known that little discussion is warranted here. Those principles are that (1) the trier is the judge of the credibility and the weight to be assigned evidence; *Potter* v. *Chicago Pneumatic Tool Co.*, 241 Conn. 199, 224, 694 A.2d 1319 (1997); *D'Angelo* v. *McGoldrick*, 239 Conn. 356, 365, 685 A.2d 319 (1996);

(2) the trier is not required to accept evidence simply because it is not controverted; *State* v. *Elliott*, 39 Conn. App. 789, 797, 667 A.2d 1301 (1995); see *State* v. *Blades*, 225 Conn. 609, 629, 626 A.2d 273 (1993); and (3) a reviewing court does not substitute its judgment for that of the trier with respect to the credibility of the witnesses and the inferences to be drawn from their testimony. *State* v. *McClam*, 44 Conn. App. 198, 208, 689 A.2d 475, cert. denied, 240 Conn. 912, 690 A.2d 400 (1997); *Tyson* v. *Warden*, 24 Conn. App. 729, 736–37, 591 A.2d 817, cert. denied, 220 Conn. 909, 597 A.2d 340 (1991). The defendant fails in this claim primarily because of his mistaken impression that the plaintiff bore a higher evidentiary burden than the law requires. Our review of the evidence and application of the principles previously stated leads us to conclude that the trial court's factual findings were not clearly erroneous.

### III

The defendant's last claim is that considerations of public policy dictate that the verdict should be reinstated because the alternate juror was approached, after the trial, by the wife of the plaintiff. He contends that if this judgment is allowed to stand, losing litigants or their agents may seek out jurors and attempt to elicit information that could be used to impeach verdicts.

The defendant offers no authority in support of his assertion that public policy requires reinstatement of this verdict, but invites us to apply the reasoning of Rule 12 (c) of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut.[5] We decline the invitation. Such a plea is more

---

[5] Local Rule 12 (c) provides the District Court with continuing supervision over communications with jurors, even after a trial has been completed. Local Rule 12 (e) directs that no party, attorney or representative of either shall contact or communicate with any juror, juror's relative, friend, etc., concerning the deliberations or verdict, either before, during or after the trial without the court's permission granted for good cause shown. Moreover,

properly addressed to the judges of the Superior Court in their rule making capacity.

The judgment is affirmed.

In this opinion the other judges concurred.

jurors may not respond to inquiries by anyone concerning the deliberations or vote of the jury, except upon a showing of good cause. Anyone who violates the rule may be charged with contempt of court and punished accordingly.