STATE OF CONNECTICUT *v.*
HOPETON LEE MEDLEY
(AC 16456)

Spear, Dupont and Spallone, Js.

Argued February 20—officially released May 12, 1998

*Brian S. Carlow,* senior assistant public defender, for the appellant (defendant).

*Eileen McCarthy Geel,* deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Cecilia Wiederhold,* assistant state's attorney, for the appellee (state).

*Opinion*

SPALLONE, J. The defendant appeals from the trial court's judgment modifying the terms of his probation. The sole question in this appeal is whether the trial court properly exercised its discretionary power when it enlarged the defendant's conditions of probation to prohibit all contact between the defendant and the victim. We affirm the judgment of the trial court.

In October, 1994, the defendant and the victim had been involved with each other for about nine months. On October 24, 1994, during a domestic dispute that occurred at the victim's residence, the defendant struck the victim in the face, head and side with a hammer and a knife. The victim sustained serious injuries to her head requiring the insertion of five surgical staples in her scalp to close the wound. The defendant raped her during the attack and attempted to force her to perform fellatio. The defendant was arrested and, after a full protective order was issued, was released on bond.

On December 27, 1994, while the October charges were pending, the defendant broke into the victim's home while she was out with a female friend. When the victim and her friend arrived home with their four children, the defendant confronted the victim and threatened her with a gun in the presence of her friend and their children. When the victim attempted to leave the apartment, the defendant prevented her. He threatened the victim again when she stated that she would call the police. Meanwhile, the victim's friend was able

to leave the apartment and call the police. The police arrived as the defendant, still threatening the victim with a gun, attempted to pull her into another room.

On December 14, 1995, the defendant pleaded guilty under the *Alford*[1] doctrine to charges of assault in the first degree and burglary in the first degree and was sentenced on February 2, 1996, to a total term of imprisonment of eight years, suspended after thirteen months, followed by three years of probation. The defendant was given credit for presentence incarceration and released. The terms of his probation were as follows: "(1) domestic violence counseling—nonviolence program or similar—cooperation with program; (2) substance abuse counseling; (3) graduate equivalency diploma or efforts thereto; (4) nonviolence with the victim; and (5) no weapons of any kind that would require a permit."

On April 24, 1996, the defendant reported to his probation officer. At that meeting, the probation officer observed deep scratches on the defendant's head and face, which the defendant alleged were inflicted by the victim. The defendant further stated that he did not retaliate against the victim for these injuries. There is no indication in the record that the victim was arrested or prosecuted for the alleged assault on the defendant.

On July 5, 1996, because of the "ongoing violence" in the relationship between the victim and the defendant, the office of adult probation filed a motion to modify the special conditions of the defendant's probation to include a condition of no contact between the defendant and the victim. On July 25, 1996, after hearing the motion, the court expanded the special conditions of probation by including a restriction from any contact with the victim. The condition of probation of "nonviolence with the victim" remained as a condition.

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

By memorandum of decision dated July 11, 1997, the court articulated its July 25, 1996 decision, finding that good cause existed for granting the requested modification. The court referred to the transcript of the July 25, 1996 hearing as the basis of its decision. The court also expressly stated that it relied on General Statutes § 53a-30 (c)[2] and *State* v. *Smith*, 207 Conn. 152, 168–70, 540 A.2d 679 (1988), in arriving at its decision. The court clearly has the power to modify and enlarge the conditions of probation originally imposed on the defendant.

In *State* v. *Smith*, supra, 207 Conn. 152, our Supreme Court held that in modifying or expanding the conditions of probation to serve the ends of justice, the court's objective must be to impose special conditions that foster the offender's reformation as well as preserve the public's safety. "The broad power to impose conditions 'permits insulating the individual from the conditions that led him into trouble.' *United States* v. *Moore*, 486 F.2d 1139, 1174 (D.C. Cir.), cert. denied, 414 U.S. 980, 94 S. Ct. 298, 38 L. Ed. 2d 224 (1973)." *State* v. *Smith*, supra, 175. The trial court therefore has broad discretion to modify or enlarge the conditions of probation, for good cause shown, at any time during the period of probation.

The appropriate standard of review of a trial court's actions is whether the trial court abused its discretion. *State* v. *Smith*, 200 Conn. 544, 548, 512 A.2d 884 (1986). "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been

[2] General Statutes § 53a-30 (c) provides in relevant part: "At any time during the period of probation . . . after hearing and for good cause shown, the court may modify or enlarge the conditions, whether originally imposed by the court . . . or otherwise . . . ."

done." (Internal quotation marks omitted.) *State* v. *Villano*, 33 Conn. App. 162, 170, 634 A.2d 907 (1993), remanded for reconsideration, 229 Conn. 916, 642 A.2d 1212, reversed on other grounds, 35 Conn. App 520, 646 A.2d 915 (1994). There is no hard and fast rule by which an abuse of discretion may be determined but, in general, for an exercise of discretion not to amount to an abuse, it must be legally sound and there must be an honest attempt by the court to do what is right and equitable under the circumstances of the law, without the dictates of whim or caprice. See 5 Am. Jur. 2d, Appellate Review § 695 (1995).

In this case, the contacts between the parties have, on more than one occasion, resulted in felonious violence. Whether the violence was initiated by the defendant is not the controlling factor in restricting a probationer from any contact with a potential victim. Restrictions on association with a particular individual have been routinely upheld in other jurisdictions as reasonable where a victim or potential victim of the defendant was involved. See annot., Probation Conditions — Personal Associations, 99 A.L.R.3d 967 (1980). In this case, the long history of violence and the manifest propensity of the defendant to commit violence fully justifies the imposition of the added condition of probation ordering no contact between the defendant and the victim.

Accordingly, after a review of the record, transcripts and briefs, we hold that the trial court, under the facts and circumstances of this case, exercised its discretion properly, lawfully and in accordance with applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.