STATE OF CONNECTICUT *v.* DAVID PALMER TUBBS
(AC 17718)

O'Connell, C. J., and Lavery and Spallone, Js.

Argued January 22—officially released April 13, 1999

*Denise B. Smoker*, assistant state's attorney, with whom, on the brief, were *Kevin Kane*, state's attorney, and *Theresa Ferryman*, assistant state's attorney, for the appellant (state).

*William S. Palmieri*, with whom, on the brief, was *John Williams*, for the appellee (defendant).

*Opinion*

SPALLONE, J. The state appeals from the judgment of dismissal rendered by the trial court. The state claims that the trial court improperly refused to allow the state to offer the victim's testimony for the sole purpose of perfecting the record on appeal and that the trial court abused its discretion in ordering the wholesale disclosure of the victim's psychiatric records, some of which, as the court itself conceded, were remote in time.

A review of the record, transcripts and briefs discloses that the defendant, David Palmer Tubbs, was

charged with two counts of sexual assault in the fourth degree in violation of General Statutes § 53a-73a[1] and two counts of risk of injury to a child in violation of General Statutes § 53-21. The state alleged that the defendant on two separate occasions improperly touched the victim, a twelve year old boy. Both incidents were alleged to have occurred in the shower room at the Mystic Community Center.

Prior to trial, the defendant moved for disclosure of the victim's psychiatric records. The state agreed to subpoena the records to the trial court. Three agencies provided records to the court pursuant to the state's subpoena, the Child and Family Agency, the Lawrence and Memorial Hospital and the Groton public school system. These records remained under seal and unopened until September 22, 1997, when the victim's mother consented to the court's in camera review of

[1] General Statutes § 53a-73a (a) provides: "A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age, or (B) mentally defective or mentally incapacitated to the extent that he is unable to consent to such sexual contact, or (C) physically helpless, or (D) less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare, or (E) in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person; or (2) such person subjects another person to sexual contact without such other person's consent; or (3) such person engages in sexual contact with an animal or dead body; or (4) such person is a psychotherapist and subjects another person to sexual contact who is (A) a patient of the actor and the sexual contact occurs during the psychotherapy session, or (B) a patient or former patient of the actor and such patient or former patient is emotionally dependent upon the actor, or (C) a patient or former patient of the actor and the sexual contact occurs by means of therapeutic deception; or (5) such person subjects another person to sexual contact and accomplishes the sexual contact by means of false representation that the sexual contact is for a bona fide medical purpose by a health care professional; or (6) such person is a school employee and subjects another person to sexual contact who is a student enrolled in a school in which the actor works or a school under the jurisdiction of the local or regional board of education which employs the actor."

the records to determine which, if any, should be disclosed to the defendant.

On September 29, 1997, the state informed the trial court that the victim's mother refused to consent to the proposed disclosure. The state indicated that the disclosure ordered by the court was overbroad and it requested a continuance to confer with the victim's mother.

On October 1, 1997, the state filed a written motion asking the trial court to reconsider its wholesale disclosure of the minor victim's psychiatric records. The trial court affirmed its prior ruling, stating: "The court will state for the record that the material that it ordered to be disclosed were materials that the court found to be especially probative of the complainant's ability to comprehend, to know and correctly relate the truth.

"The court also believes that the materials, although some of them being remote in time, that all of the materials that the court ordered be disclosed to the defense counsel were materials that the court felt were relevant to the issues of the victim's ability to relate the truth—to know the truth, to understand the truth and to relate it.

"The court continues to feel that the materials it ordered to be made available to defendant's counsel do indeed reflect or have the potential to reflect on the credibility of the complainant's accusations against the defendant in this case. So the court has reconsidered your request and the court's original position is maintained."

The state also asked permission to call the victim to the witness stand so that it could "create a record of what [his] testimony would actually be in order for the Appellate Court to evaluate the necessity for the [proposed] disclosure . . . against what the victim

actually testifies to, so [that] it could evaluate what was necessary for cross-examination purposes and exculpatory purposes."

After the trial court denied this request, the state moved for dismissal and for the resealing of the victim's psychiatric records. Thereupon, the court dismissed the case, ordered the records resealed and granted the state permission to appeal.

I

The state first claims that the trial court improperly refused to allow the state to offer the victim's testimony for the sole purpose of perfecting the record for appeal. We do not agree.

Any testimony by the victim must be stricken where the victim testifies and then refuses to waive any statutory privilege. In this case, the victim's mother, although granting permission for an in camera review of her son's psychiatric records, refused to waive the privilege and allow testimony on the victim's psychiatric condition. Where there is such refusal, the victim's testimony must be stricken. See *State* v. *Pierson*, 201 Conn. 211, 223, 514 A.2d 724 (1986), on appeal after remand, 208 Conn. 683, 546 A.2d 268 (1988), cert. denied, 489 U.S. 1016, 109 S. Ct. 1131, 103 L. Ed. 2d 193 (1989); *State* v. *Bruno*, 197 Conn. 326, 331–33, 497 A.2d 758 (1985), cert. denied, 475 U.S. 1119, 106 S. Ct. 1635, 90 L. Ed. 2d 181 (1986); *State* v. *Esposito*, 192 Conn. 166, 180, 471 A.2d 949 (1984); *State* v. *Saraceno*, 15 Conn. App. 222, 242, 545 A.2d 1116, cert. denied, 209 Conn. 823, 824, 552 A.2d 431, 432 (1988).

There is no question of credibility to be determined by offering the victim's testimony merely to make a record for appellate review. Where there is no waiver, the victim's testimony must be stricken. Having the victim testify solely to make a record would serve no useful purpose. The law does not require a useless act. *Barrett-Nonpareil, Inc.* v. *Stoll*, 168 Conn. 79, 83, 357

A.2d 481 (1975). The record, including the medical and psychiatric records, are available for this court for review. Even if the victim's testimony were available to this court, the state is, in effect, asking us to determine questions of fact as to the necessity of the proposed disclosure in light of the victim's testimony. The degree of disclosure is a fact to be determined by the trial court on the basis of relevancy.

The trial court has broad discretion to determine both the relevancy and remoteness of evidence. *State* v. *Fritz*, 204 Conn. 156, 167, 527 A.2d 1157 (1987); *Turgeon* v. *Turgeon*, 190 Conn. 269, 273, 460 A.2d 1260 (1983). It follows that the trial court's determination of the degree to which such disclosure is relevant and appropriate in furtherance of the defendant's right to confrontation and cross-examination is also subject to the same discretion.

Only upon a clear abuse of discretion will this court set aside rulings on evidentiary matters. *State* v. *Fritz*, supra, 204 Conn. 167–68. In the present case, the degree of disclosure ordered by the trial court constituted an exercise of the court's discretionary powers. Because there is no precise universal test of relevancy, the question must ultimately be addressed on a case-by-case basis in accordance with "the teachings of reason and judicial experience." (Internal quotation marks omitted.) *State* v. *Sharpe*, 195 Conn. 651, 659, 491 A.2d 345 (1985). Although the trial court stated that some of the materials it ordered disclosed may have been remote in time, the court also stated that those materials "were relevant to the issues of the victim's ability to relate the truth."

The test for disclosure of such records has been defined as evidence "especially probative of the ability to 'comprehend, know and correctly relate the truth' "; (Internal quotation marks omitted.) *State* v. *Storlazzi*,

191 Conn. 453, 459, 464 A.2d 829 (1983); "evidence of a mental condition of a vital witness for the prosecution that might reasonably affect the credibility of the witness"; *State* v. *Pierson*, supra, 201 Conn. 227; "psychiatric records or information pertaining to the complainant's mental condition bearing on her testimonial capacity and reliability as a witness"; *State* v. *Hufford*, 205 Conn. 386, 404, 533 A.2d 866 (1987); and "relevant to the witness' testimonial capacity." *State* v. *Saraceno*, supra, 15 Conn. App. 244. There is no reason to believe that the trial court failed to act within the parameters outlined in the cases cited.

## II

The state's second claim that the trial court abused its discretion in ordering the disclosure of material that was remote in time is without merit. As we have discussed previously, the trial court has broad discretion in its rulings on relevancy. The court expressly stated that, although some of the material may have been remote in time, that material was relevant to the issue of credibility. We will not substitute our judgment of relevancy for that of the trial court unless there was an abuse of discretion. "There is no hard and fast rule by which an abuse of discretion may be determined but, in general, for an exercise of discretion not to amount to an abuse, it must be legally sound and there must be an honest attempt by the court to do what is right and equitable under the circumstances of the law, without the dictates of whim or caprice. See 5 Am. Jur. 2d, Appellate Review § 695 (1995)." *State* v. *Medley*, 48 Conn. App. 662, 666, 711 A.2d 1191, cert. denied, 245 Conn. 915, 718 A.2d 19 (1998). We find no such abuse.

We hold that in its rulings on disclosure, the trial court acted lawfully, reasonably and in accordance with applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.