STATE OF CONNECTICUT *v.* DARRYL OLAH
(AC 18467)

Foti, Spear and Healey, Js.

Argued November 29, 1999—officially released October 10, 2000

*Richard T. Meehan, Jr.*, with whom, were *Rosemarie T. Weber*, certified legal intern, and, on the brief, *Edward J. Gavin*, for the appellant (defendant).

*Bruce R. Lockwood*, deputy assistant state's attorney, with whom, on the brief, were *Mary M. Galvin*, state's attorney, and *Gerard F. Esposito*, senior assistant state's attorney, for the appellee (state).

*Opinion*

SPEAR, J. The defendant, Darryl Olah, appeals from the judgment of conviction, rendered after a jury trial, of one count of risk of injury to a child in violation of General Statutes (Rev. to 1991) § 53-21, one count of risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21, one count of risk of injury to a child in violation of General Statutes (Rev. to 1995) § 53-21, as amended by Public Acts 1995, No. 95-142, § 1,[1] and three counts of sexual assault in the fourth degree in violation of General Statutes § 53a-73a.

---

[1] In its substitute information, the state alleged in part that one incident of risk of injury to a child occurred in April or May, 1992, another occurred in March, 1995, and a third occurred in March, 1996.

The defendant claims that the trial court improperly (1) failed to disclose material, exculpatory and favorable information after an in camera review of the victim's records from the department of children and families, (2) refused to suppress certain photographs of the victim that were seized pursuant to the plain view doctrine during the execution of a search warrant that authorized the seizure of photographs of the victim "naked" or in "sexually explicit positions," (3) refused to suppress certain statements of the defendant as the "fruit of the poisonous tree" because they were obtained as a result of the allegedly unlawful seizure of the photographs, (4) admitted into evidence certain seized photographs and the defendant's statement regarding masturbation because such evidence was irrelevant and prejudicial, and (5) restricted the defendant's cross-examination of the victim as to an allegedly false prior written statement she made. We reverse the judgment of the trial court because we agree with the defendant's first claim.

The jury reasonably could have found the following facts. The victim was born on September 24, 1980. When she was eleven years old, the defendant approached her from behind and rubbed his aroused penis against her buttocks. A second incident occurred when she was fourteen years old. At that time, the defendant forced some vodka down her throat, put his hand under her shirt and fondled her breast. A third incident occurred in June, 1996, when the victim was fifteen years old. The defendant approached her from behind in the driveway of her home and rubbed his aroused penis against her buttocks. The defendant also told her that he could not wait until she became sixteen years of age because at that time he would be able to have intercourse with her and that it would not constitute statutory rape. Shortly before she became sixteen years of age, the victim reported these incidents to her father as well as

to Detective Benjamin Trabka of the Shelton Police Department.

Prior to the start of evidence, the defendant filed a motion to suppress certain photographs and other items that had been seized from his home, and certain statements he had made to the police. The court denied the motion after an evidentiary hearing in which it found the following facts. On September 17, 1996, Trabka obtained a warrant authorizing the police to search the defendant's bedroom and seize photographs of the victim, "the victim's size 5 underpants, one pair silk black and one pair floral colored, pictures of the victim naked, pictures of [the] victim in sexually explicit positions, picture of the victim with [the defendant] lying next to her with his penis exposed."

Police officers executed the search warrant and seized 478 photographs from the defendant's bedroom. None of the photographs depicted the victim nude; most focused on her buttocks or crotch. After the seizure, the defendant agreed to go to the police station to discuss the matter with the officers. During the interview, the defendant made certain incriminating statements and, when asked about the photographs of the victim, stated that he looked at them while masturbating. Additional facts will be discussed where necessary to the issues on appeal.

I

The defendant requests that we review certain of the sealed, privileged records of the department of children and families to determine whether they contain (1) exculpatory information, (2) information favorable to the defense that is material, (3) information that would yield a favorable inference that could give rise to reasonable doubt as to his guilt or (4) information that probably would have changed the outcome of the trial. The records concerned, inter alia, the victim's claims against

the defendant. They were subpoenaed to court, under seal, by the defendant for the court's inspection.

The court reviewed the records in camera and concluded that there was nothing in the material that should be revealed to the defendant.[2] This determination was within the court's discretion, and our standard of review is whether that discretion was abused. *State* v. *Rosado*, 52 Conn. App. 408, 416, 726 A.2d 1177 (1999). " 'Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . It goes without saying that the term abuse of discretion . . . means that the ruling appears to have been made on untenable grounds. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action.' . . . *Whalen* v. *Ives*, 37 Conn. App. 7, 21, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995)." (Internal quotation marks omitted.) *Turk* v. *Silberstein*, 48 Conn. App. 223, 225–26, 709 A.2d 578 (1998).

We conclude that under the circumstances of this case, the court abused its discretion by not disclosing to the defendant a certain portion of the victim's records. "After performing an in camera inspection, the trial court is required to release only information that is material and favorable to the defense. . . . Favorable evidence is that evidence which . . . might have led the jury to entertain a reasonable doubt about . . . guilt . . . and this doubt must be one that did not otherwise exist. . . . On the other hand, evidence is material only if there is a reasonable probability that, had the

---

[2] Although the record before us does not so indicate, we assume that the defendant made the necessary showing to entitle him to such an in camera review and that the victim consented to the court examining the records. See *State* v. *Albert*, 50 Conn. App. 715, 729–30 n.10, 719 A.2d 1183 (1998), aff'd, 252 Conn. 795, 750 A.2d 1037 (2000).

evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Citations omitted; internal quotation marks omitted.) *State* v. *Leduc*, 40 Conn. App. 233, 249, 670 A.2d 1309 (1996), on appeal after remand, 44 Conn. App. 744, 690 A.2d 1390, cert. denied, 241 Conn. 909, 695 A.2d 541 (1997). We have also held that "[t]he test for disclosure of such records has been defined as evidence especially probative of the ability to comprehend, know and correctly state the truth . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Tubbs*, 52 Conn. App. 636, 641–42, 727 A.2d 776 (1999). We conclude that a portion of the department records is favorable, material and probative of the victim's ability to comprehend, know and correctly state the truth.

Our case law has prescribed the procedure for disclosure of probative privileged material after an in camera examination by the court. The state must obtain the witness' consent to waive his or her privilege so that the relevant portion of the record may be released to the defendant. If such waiver is not forthcoming, the witness' testimony must be stricken. *State* v. *Rosado*, supra, 52 Conn. App. 415.

Pursuant to this procedure, we will not detail the information that should be disclosed. At the new trial, the victim could elect to refuse to waive her privilege to preclude disclosure of the information. It suffices for us to identify the relevant portion of the record sufficiently for the trial court and our Supreme Court in the event of further review. The information is part of an eleven page document labeled "Running Narrative Document" and is the defendant's exhibit D for identification. The pages are unnumbered, and the document begins on the first page under the date of September 3, 1996. The last entry on page eleven is dated April 2,

1997. On the third page of this document, in the fifth paragraph, the victim reportedly made statements about certain activities. Those statements are in the first two sentences of the paragraph, and it is those two sentences that we direct the trial court to disclose. The date of this narrative is October 22, 1996.

Although we order a new trial, we will discuss the defendant's remaining claims because they will undoubtedly arise in the new trial.

## II

The defendant claims that the court improperly denied his motion to suppress by determining that the photographs were legally seized pursuant to the plain view doctrine. The defendant claims that (1) the photographs were seized by Trabka pursuant to the warrant because he deemed them sexually explicit and, therefore, their seizure cannot be justified under the plain view doctrine and (2) the incriminating nature of the photographs is not immediately apparent because they depicted the victim fully clothed and were not sexually explicit.

We first state our standard of review in connection with a motion to suppress. "A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [W]here the legal conclusions of the court are challenged, [the reviewing court] must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *State* v. *Blackman,* 246 Conn. 547, 553, 716 A.2d 101 (1998).

## A

We can quickly dispose of the defendant's claim that the plain view doctrine cannot be used to justify the

seizure of the photographs because Trabka believed that he was seizing sexually explicit photographs pursuant to the warrant. The plain view doctrine states that if the police officer is in a place where he is entitled to be and sees an item in plain view, the incriminating nature of which is immediately apparent, he may seize that item without a warrant. *Coolidge* v. *New Hampshire*, 403 U.S. 443, 464–73, 91 S. Ct. 2022, 29 L. Ed. 2d 564 (1971); see also *Horton* v. *California*, 496 U.S. 128, 136–37, 110 S. Ct. 2301, 110 L. Ed. 2d 112 (1990).

In discussing the "immediately apparent" aspect of the plain view doctrine and its implicit probable cause requirement, our Supreme Court has stated that "[w]hether a Fourth Amendment violation has occurred turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time . . . and not on the officer's actual state of mind at the time the challenged action was taken . . . ." (Internal quotation marks omitted.) *State* v. *Eady*, 249 Conn. 431, 441, 733 A.2d 112 (en banc), cert. denied, 528 U.S. 1030, 120 S. Ct. 551, 145 L. Ed. 2d 428 (1999). Trabka's subjective belief that he was acting pursuant to the command of the warrant is, therefore, irrelevant.[3]

## B

The defendant claims that the photographs were not incriminating and, therefore, did not meet that prong of the plain view doctrine that requires that the incriminating nature of the items be immediately apparent. He asserts that the photographs were not related to the commission of any of the crimes charged and that

---

[3] The decision in *State* v. *Eady*, supra, 249 Conn. 431, was issued after the defendant filed his principal brief in this court. The state's brief was filed after *Eady* was issued and cited that case. The defendant, however, chose not to address *Eady* in his reply brief.

Trabka did not have probable cause to seize them. We disagree.

Because this is a question of law, our standard of review is plenary. The United States Supreme Court has held that the "immediately apparent" language of *Coolidge* v. *New Hampshire,* supra, 403 U.S. 443, does not establish "any requirement that a police officer know that certain items are contraband or evidence of a crime. Indeed . . . [t]he seizure of property in plain view involves no invasion of privacy and *is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.* . . . We think this statement of the rule from [*Payton* v. *New York,* 445 U.S. 573, 587, 100 S. Ct. 1371, 63 L. Ed. 2d 639 (1980)], requiring probable cause for seizure in the ordinary case, is consistent with the Fourth Amendment and we reaffirm it here.

"As the Court frequently has remarked, probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would warrant a man of reasonable caution in the belief . . . that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A practical, nontechnical probability that incriminating evidence is involved is all that is required. . . .

"The process does not deal with hard certainties, but with probabilities. Long before the law of probabilities was articulated as such, practical people formulated certain common-sense conclusions about human behavior; jurors as factfinders are permitted to do the same—and so are law enforcement officers. Finally, the evidence thus collected must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement."

(Citations omitted; internal quotation marks omitted.) *Texas* v. *Brown*, 460 U.S. 730, 741–42, 103 S. Ct. 1535, 75 L. Ed. 2d 502 (1983).

Our Supreme Court has stated that "[t]he immediately apparent requirement of the plain view exception is satisfied if, at the time of discovery of the contraband or evidence, there is probable cause to associate the property in plain view with criminal activity without further investigation." (Internal quotation marks omitted,) *State* v. *Eady*, supra, 249 Conn. 439. Our Supreme Court has also said with respect to the "immediately apparent" prong of the plain view doctrine that "objects not named in the warrant, but found within an officer's plain view, may be seized if the objects clearly and definitely relate to the behavior which prompted the issuance of the search warrant . . . . The requirement for a plain view seizure thus appears, in short, to be probable cause to believe that the item seized is reasonably related, in an evidentiary sense, to the commission of the crime." (Citations omitted; internal quotation marks omitted.) *State* v. *Onofrio*, 179 Conn. 23, 40–41, 425 A.2d 560 (1979).

We examine Trabka's seizure against this backdrop. The behavior that prompted the search warrant was the defendant's sexual contact with the underage victim and his continuing sexual interest in the victim. As the court stated, the victim was clothed in all of the pictures, but they were indeed odd in that many of them portrayed only the lower portion of her body while she was either bending over or seated. The police officer did not have to know to a certainty that the photographs were evidence of the crimes charged. We therefore agree with the court's assessment that those photographs properly were seized because they were related to the risk of injury charges as well as to the sexual assault charges in that they indicated an obsession with the underage victim.

## III

The defendant next claims that the court improperly refused to suppress certain of his statements as the "fruit of the poisonous tree" because they were obtained as a result of the allegedly unlawful seizure of the photographs. Specifically, the defendant claims that the masturbation statement should have been suppressed because it was tainted by the seizure of the photographs. Our determination in part II of this opinion that the seizure of the photographs was proper requires us to reject this claim as well.

## IV

The defendant also claims that the court improperly admitted into evidence the photographs and his masturbation statement because they were irrelevant and prejudicial. We disagree.

The defendant correctly points out that our standard of review of evidentiary rulings is that we will overturn such rulings only when there was an abuse of discretion and a showing of substantial prejudice or injustice. We indulge every reasonable presumption in favor of the correctness of the trial court's ruling and accord the court's decision great weight. *State* v. *Berger*, 249 Conn. 218, 229–30, 733 A.2d 156 (1999).

We agree with the state that the photographs were more probative than prejudicial because they were indicative of the defendant's sexual attraction to the victim. Such attraction was relevant to show that the defendant's touching of the victim was for purposes of sexual gratification.[4]

---

[4] The charge of sexual assault in the fourth degree pursuant to § 53a-73a requires proof that the defendant intentionally subjected the victim to sexual contact. General Statutes § 53a-65 (3) in part defines sexual contact as "any contact with the intimate parts of a person . . . for the purpose of sexual gratification of the actor . . . ."

The defendant's statement that he used the photographs to masturbate also was relevant to show his sexual interest in the victim and his motivation to commit the crimes of sexual assault in the fourth degree and risk of injury to a child. We conclude that the photographs and masturbation statement were more probative than prejudicial and that the court did not abuse its discretion in admitting this evidence.

V

The defendant's last claim is that the court improperly restricted his cross-examination of the victim as to an allegedly false prior written statement she made. This claim is without merit.

Certain additional facts are necessary for our resolution of this issue. Questions were put to the victim, outside the presence of the jury, by way of an offer of proof by the defendant regarding a certain letter she had written to a male acquaintance. The letter stated in part: "[W]ant to try the butterfly. It's not the insect or dance. It's a new oral sex thing." Under cross-examination by defense counsel, the victim admitted that she had written the letter to the male acquaintance. She further testified that she never actually performed the described sexual act on him.

The defendant claims that the letter and the victim's testimony showed that she falsely claimed to have performed a sexual act on the male acquaintance. He asserts that such a false statement would impeach her credibility before the jury, and that the court's exclusion of the letter and testimony thus improperly restricted his right of cross-examination. We disagree.

The defendant's basic premise is wrong. He claims that the victim stated in the letter that she actually performed the sexual act on the male acquaintance. This is a misstatement. We have examined the letter,

and there is nothing in it that can be construed as the victim's stating that she had actually performed the described sexual act on the male acquaintance. Thus, the victim's denial that she had done so could not be a falsehood. Because there was no false statement, the defendant's right of cross-examination was not improperly restricted.

The judgment is reversed and the case is remanded for a new trial with direction to proceed pursuant to *State* v. *Rosado*, supra, 52 Conn. App. 416, with respect to disclosure of the two sentences from the department records that are referenced in this opinion. In all other respects the judgment is affirmed.

In this opinion the other judges concurred.