SASHA DURSO *v.* STEPHEN AQUILINO, JR.
(AC 20547)

Foti, Dranginis and Stoughton, Js.

470

Argued March 22—officially released July 24, 2001

*Margaret E. Haering*, with whom, on the brief, was *J. Daniel Sagarin*, for the appellant (plaintiff).

*J. Kevin Golger*, with whom, on the brief, was *Gregory P. Lynch*, for the appellee (defendant).

*Opinion*

STOUGHTON, J. The plaintiff, Sasha Durso, appeals from the judgment of the trial court rendered after it denied her motion to set aside the jury verdict in favor of the defendant, Stephen Aquilino, Jr., in this personal injury action. The plaintiff claims that the court improperly denied her motion to set aside the verdict because (1) the court improperly admitted into evidence hearsay from a police report, (2) the defense counsel misled the jury during his final argument and (3) a juror introduced extrinsic evidence into the jury deliberations. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On December 31, 1993, the plaintiff was a passenger in an automobile driven by the defendant in a northerly direction on West Street in Seymour. The roadway was icy, and the defendant lost control of his automobile, which slid across the double yellow lines on the road and collided with an automobile traveling in the southbound lane of West Street. The plaintiff alleged that the defendant operated his automobile negligently and that she suffered injuries as a result of the collision.

At the accident scene, the investigating police officer issued citations to the defendant, charging him with, inter alia, traveling unreasonably fast for the conditions and failure to keep to the right. Before trial, the defendant filed a motion in limine in which he sought an order precluding the plaintiff from presenting evidence of the citations or any nolo contendere pleas he had

entered to the charges, and any opinion by the investigating police officer as to the cause of the accident. The court granted the order and excluded evidence of the citations and nolo contendere pleas. It also excluded the police officer's opinions, but ruled that it would permit evidence concerning his observations. At trial, a redacted copy of the police report was admitted into evidence as a full exhibit. Deleted from the report were references to the citations and a portion of the narrative stating that the driver of the southbound vehicle could not avoid being hit by the defendant's vehicle. The jury returned a verdict in favor of the defendant, and the plaintiff filed a motion to set aside the verdict, which the court denied. This appeal followed. Additional facts will be recited where necessary.

"We first address our standard of review regarding the plaintiff's claims. We review a trial court's decision to set aside a verdict by determining whether there has been an abuse of discretion. . . . Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . It goes without saying that the term abuse of discretion does not imply a bad motive or wrong purpose but merely means that the ruling appears to have been made on untenable grounds. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action." (Citations omitted; internal quotation marks omitted). *Turk* v. *Silberstein*, 48 Conn. App. 223, 225–26, 709 A.2d 578 (1998).

I

The plaintiff first claims that the verdict should have been set aside because the court improperly admitted into evidence hearsay from the police report. When there is a claim that evidence was improperly admitted,

the standard of review is whether the ruling would likely affect the result of the trial. *Swenson* v. *Sawoska,* 215 Conn. 148, 153, 575 A.2d 206 (1990).

In the police report, parts of which were introduced into evidence, the defendant was designated as operator number one and the operator of the automobile with which he collided was designated as operator number two. The narrative portion of the police report reads as follows: "On 12-31-93, at about 0229 hours, operator [no.] 1 was traveling North, on West Street, operating his 1989 Honda CRX (*a two seat vehicle*). There were four other occupants jammed in this vehicle at the time. As Operator [no.] 1 was rounding a right curve, just past the intersection of New Street, he lost control of his vehicle, on a patch of ice, causing his vehicle to slide across the double yellow lines, and into the travel portion of the south bound travel lane. Operator [no.] 2, who was traveling South on West Street, observed this occurring, but could not avoid being hit. Seymour firefighters extricated operator [no.] 1 from his heavily damaged car, and he was transported to Yale-New Haven Hospital for treatment. Operator [no.] 1 was charged for several violations in this accident.

"—West Street is clearly posted as a 25 M.P.H. zone—"

Both parties agreed that portions of the narrative should be redacted. They disagreed, however, over whether to redact the third sentence, which explains that as the defendant rounded a right curve, he lost control on a patch of ice and that his vehicle was caused to slide across the road. The plaintiff claims that this statement is inadmissible hearsay. The police officer was questioned in the absence of the jury, and the following colloquy occurred:

"[Defendant's Attorney]: Officer, I want you to take a look at this report, which is marked 'C' for [identifica-

tion]. And go to the narrative section on page two. And you have a sentence that reads as follows: 'As operator number one was rounding a right curve, just past the intersection of New Street, he lost control of his vehicle on a patch of ice, causing his vehicle to slide across the double yellow lines and into the travel portion of the southbound lane.' Focusing on that sentence alone, do you know where you got the information that caused you to write that into your report? Was it from driver number one or somebody else?

"[Police Officer]: In another—in my actual—that's the accident report—in my police report, it's indicated that I got that from [the defendant]—that's operator number one—and I also have a statement from the operator of the other vehicle—

"Q: I understand—I'm just focusing on that one sentence—

"The Court: That one statement about him losing control and sliding . . .

"[Defendant's Attorney]: And you got that from [the defendant]?

"A: Right. . . .

"The Court: Yeah. Well, so far, we have agreement on everything but that. I just want to address that. Counsel, do you have any problem with that statement staying in there? It's [the defendant's] admission . . . or, it can be called an admission.

"[Plaintiff's Attorney]: Well, then, it's not hearsay then in that particular sense, so—"

The redacted police report, which included the third sentence concerning the defendant's loss of control of his vehicle on a patch of ice, thereafter was admitted into evidence as a full exhibit and went to the jury. The plaintiff later renewed her objection after the defendant

testified that he did not remember talking to the police, and the police officer testified that his narrative was based on interviews with the operators and "based on everything put together." The court overruled the plaintiff's objection.

A claim of error is not reviewable where the objection to admission of evidence has been withdrawn at trial. *State* v. *Rodriguez*, 10 Conn. App. 357, 358, 522 A.2d 1250, cert. denied, 204 Conn. 804, 528 A.2d 1151 (1987). In this case, the plaintiff's counsel originally offered a redacted version of the police report to be admitted as a full exhibit. The defense counsel objected, asking the court to include some of the redacted portions of the police report. The court allowed the defense counsel to voir dire. The plaintiff's counsel subsequently conceded that the third sentence was "not hearsay," and the court admitted the redacted police report, including the third sentence, as a full exhibit. Because the plaintiff's counsel conceded that the third sentence of the report was not hearsay, she essentially withdrew her objection, and the report was admitted as a full exhibit.

In any event, the disputed evidence merely was cumulative because, at trial, the defendant testified that his vehicle had started sliding and that this was caused by black ice. The plaintiff also testified in a deposition that there was black ice on the road. Because the court's ruling regarding the evidence at issue would not affect the result of the trial, we conclude that the court did not abuse its discretion by not setting aside the verdict.

II

The plaintiff next claims that the verdict should have been set aside because the defense counsel misled the jury during his final argument. The court has broad discretion in ruling on objections to arguments of counsel, and its rulings should be interfered with only when that discretion has been clearly exceeded or abused to

the manifest injury of some party. *Skrzypiec* v. *Noonan*, 228 Conn. 1, 15–16, 633 A.2d 716 (1993).

"In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness." (Internal quotation marks omitted.) *Puchalsky* v. *Rappahahn*, 63 Conn. App. 72, 76, 774 A.2d 1029, cert. denied, 256 Conn. 931, 776 A.2d 1147 (2001).

"While the privilege of counsel in addressing the jury should not be too closely narrowed or unduly hampered, it must never be used as a license to state, or to comment upon, or even to suggest an inference from, facts not in evidence, or to present matters which the jury have no right to consider." (Internal quotation marks omitted.) *State* v. *Pouncey*, 241 Conn. 802, 811, 699 A.2d 901 (1997). However, "[i]n addressing the jury, [c]ounsel must be allowed a generous latitude in argument, as the limits of legitimate argument and fair comment cannot be determined precisely by rule and line, and something must be allowed for the zeal of counsel in the heat of argument. . . . [W]e must review the comments complained of in the context of the entire trial." (Internal quotation marks omitted.) *Nevers* v. *Van Zuilen*, 47 Conn. App. 46, 53, 700 A.2d 726 (1997).

In this case, the plaintiff claims that after the police report was purged of its references to the citations for driving "too fast for conditions" and "failure to drive right," and after the court prevented the police officer from giving his opinion on the cause of the accident, the defense counsel improperly suggested to the jury that the police officer had not cited the defendant for speeding or for recklessness. Specifically, the plaintiff complains about the following portion of the defense counsel's argument:

"All right, let's move on to the police officer. Nice fellow. A sergeant. Came in here and testified. There's

some things the sergeant did do now and some things the sergeant didn't do. First of all, did he say anything about the speed of [the defendant's] vehicle that you can recall? He didn't. He didn't say anything about the speed of [the defendant's] vehicle at all. So, you didn't hear anything about that. Did he say he was operating his vehicle too fast? Recklessly? Anything of that nature? No. He filled out a form."

The plaintiff's counsel objected after the argument, claiming that the defense counsel improperly had suggested that the police report did not contain any reference to speed or recklessness. The court did not deem it necessary to issue a cautionary instruction to the jury.

In this case, the portion of the argument about which the plaintiff complains does not refer to the police report, but to the police officer's testimony. It was not false, and the court did not view it as prejudicial. Furthermore, the defendant testified that he was traveling at a speed of about twenty-five or thirty miles per hour. Both the plaintiff and the defendant testified that black ice was on the road and difficult to see. Thus, the jury had before it the speed at which the defendant was operating and the road conditions. Whether the conduct of the defendant was negligent or reckless was for the jury to determine.

Because we cannot say that the argument of the defense counsel, taken in the context of the entire trial, improperly suggested to the jury that the police officer had not cited the defendant for speeding or recklessness, we conclude that the court did not abuse its discretion by not setting aside the verdict.

III

The plaintiff claims finally that the verdict should have been set aside because a juror introduced extrinsic evidence into the jury deliberations. When juror miscon-

duct is alleged in a civil case and the prevailing party is not implicated in the misconduct, the burden rests on the moving party to demonstrate that the misconduct complained of resulted in probable prejudice to her. *Turk* v. *Silberstein,* supra, 48 Conn. App. 226–27.

In this case, the plaintiff introduced into evidence a series of five photographs that showed West Street from the point at which the defendant's automobile went out of control to the place where the collision occurred. At the hearing on the plaintiff's motion to set aside the verdict, the plaintiff's counsel averred that one of the jurors had told her that an unnamed member of the jury lived in the vicinity of the accident scene and had persuaded the other jurors that the five photographs depicting West Street were deceiving because the angle at which they were taken may show a hill in the photographs as more pitched than it actually was. The court concluded that, accepting counsel's statement as true, there was no juror misconduct and no need to examine the jurors. There was no representation that the juror had gone to the accident scene to make an investigation or had brought extrinsic evidence to the jury. He had some knowledge of the area, but counsel could have ascertained that during voir dire before trial.

Jurors cannot be expected to set aside their own knowledge and experience. *Purzycki* v. *Fairfield,* 244 Conn. 101, 113, 708 A.2d 937 (1998). It is common knowledge that a two dimensional photograph cannot depict depth accurately, and that is the sum and substance of what the juror pointed out. Because we agree with the court that the plaintiff was not able to sustain her burden that the alleged juror misconduct complained of resulted in probable prejudice, we conclude that the court did not abuse its discretion by not setting aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.